16-2068-cr
*United States v. Nolasco, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand seventeen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge*.\*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                    16-2068

Juan Bonilla, AKA A.D.A. Pinto, Domingo
Fernandez, Yoel Pichardo, AKA Yoel Alberto
Pichardo Gonzalez, AKA Yoel Alberto Gonzalez
Pichardo, Nassir Mateo, Jose Encarnacion, Sandy
Beato, Juan Espinal, Gabriel Cano-Martinez, Eloys
Fernandez, AKA Chamboa, Pedro Fernandez, AKA
El Mono, Yudris Fernandez, AKA Gudris, Javier
Hernandez, AKA Rookie, Luis Perez, Randall
Martinez, AKA Randall, AKA Jose Rodriguez,
Wilton Rosario, AKA Winston Rosario, Henry

---

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Fiorentino, Francisco Prado, AKA El Viejo, AKA
FNU LNU, Marcos Rodriguez, AKA Markito,
Emmanuel Tavarez, Jose Antonio Lopez Santiago,
AKA Amarante, Miguel Tavares, AKA Lepido,
Nolberto Morel, AKA Boonie, Jose Tejada,

*Defendants*,

NELSON NOLASCO, AKA MENOR, AKA ANGEL
SOTO-CABAN,

*Defendant-Appellant*.

_____

For Defendant-Appellant:             Randall D. Unger, Esq., Bayside, NY.

For Appellee:                        Bridget M. Rohde, Acting United States Attorney,
Jo Ann M. Navickas & Alexander Solomon,
Assistant United States Attorneys, Eastern District
of New York, Brooklyn, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Nelson Nolasco ("Nolasco") pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("the Hobbs Act count"), one count of conspiracy to distribute heroin, cocaine, MDMA, and marijuana, in violation of 21 U.S.C. §§ 841 and 846 ("the distribution count"), and one count of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C § 924(c) ("the firearm use count"). On June 16, 2016, the United States District Court for the Eastern District of New York (Glasser, *J.*) held a sentencing hearing. During that hearing, the court noted that both the distribution count and the

firearm use count provided for mandatory minimum sentences. It calculated Nolasco's mandatory sentence for the distribution count to be 240 months, and his mandatory sentence for the firearm use count to be 120 months, for a total of 360 months. After explaining that there is no mandatory minimum sentence for the Hobbs Act count, the court determined that Nolasco's sentence for that count should be 60 months, and it sentenced Nolasco principally to 420 months' imprisonment. The sole question for our review is whether the Supreme Court's recent decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), requires us to vacate the district court's sentencing decision for the Hobbs Act count and remand for resentencing.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In *Dean*, the Supreme Court held that when a defendant is facing two consecutive sentences—one for a predicate offense, which does not carry a mandatory minimum sentence, and one for an offense committed under § 924(c), which does carry a mandatory minimum sentence—the court may consider the defendant's § 924(c) sentence when deciding the proper time to be served for the predicate offense. *See id.* at 1176–77. *Dean* may have effectively overruled our own circuit's precedent, which had held to the contrary. *See United States v. Chavez*, 549 F.3d 119, 135 (2d Cir. 2008). We have yet to decide if *Dean* abrogated our decision in *Chavez*. We need not do so here, however, because even assuming *arguendo* that it did, there is no basis to disturb Nolasco's sentence.

---

[1] Nolasco also insists that his sentence was procedurally unreasonable because the district court "fail[ed] to give proper consideration" to the factors outlined in 18 U.S.C. § 3553(a). Br. for Def.-Appellant at 20. We do not address the merits of this argument, because Nolasco waived the issue by not discussing it beyond a single sentence at the end of his brief. *See Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 40 n.14 (2d Cir. 2012) ("This one-sentence argument is insufficient to raise [an] issue for review before this Court."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Nolasco did not raise below the issue of whether the district court could consider Nolasco's sentence for the firearm use count in determining the appropriate sentence for the Hobbs Act count. Accordingly, we review his sentencing claim pursuant to *Dean* for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Boyland*, 862 F.3d 279, 288 (2d Cir. 2017). Under this standard, we may vacate the decision only if the defendant establishes the following four criteria: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Boyland*, 862 F.3d at 288–89 (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)) (internal quotation marks omitted). In the past, we have applied "modified plain error" review when the error in question resulted from a supervening decision. *United States v. Prado*, 815 F.3d 93, 102 (2d Cir. 2016). Under this "modified" rule, the *government* bears the burden of proving that the error did *not* prejudice the defendant. *See id.* We have expressed doubt in recent years about the continued viability of the "modified plain error" rule, given the Supreme Court's decision in *Johnson v. United States*, 520 U.S. 461 (1997). *Prado*, 815 F.3d at 102–03. However, "[b]ecause the outcome is the same regardless of whether the government or [Nolasco] bear[s] the burden of persuasion, we need not decide definitively here whether *Johnson* sounded the modified plain error rule's death knell." *Id.* at 103.

Simply put, even assuming *arguendo* that the district court made a *Dean* error, and even assuming *arguendo* that the *Dean* error was "clear," we are convinced that the error did not prejudice Nolasco. *See Boyland*, 862 F.3d at 288–89. In other words, even if the district court had known that it could consider Nolasco's mandatory sentence for the firearm use count when deciding Nolasco's sentence for the Hobbs Act count, there is no basis to conclude that it would

4

have imposed a more lenient sentence. The district court judge made clear that Nolasco's "conduct ha[d] been extremely violent over a period of years," and included "[b]reaking into homes, forcing his way into homes," and "[s]hooting two other persons from whom he obtained 10 kilograms of drugs that he didn't want to pay for." A349. The court expressly told Nolasco he deserved to be sentenced "quite severely . . . because of the very, very serious crimes that [he] committed." A352. In fact, the judge suggested that he would have sentenced Nolasco to *more than* 60 months for the Hobbs Act count, if doing so would not have created a sentencing disparity between Nolasco and his co-conspirators. This case is therefore quite *unlike Dean*, where the sentencing judge explicitly stated that he would have given the petitioner a lesser sentence if his circuit's interpretation of § 924(c) did not prohibit him from doing so. *See Dean*, 137 S. Ct. at 1175. In short, there is no evidence that the district court judge's awareness of the *Dean* rule would have affected his sentencing decision, and there is considerable basis to conclude it would have had no bearing at all. Accordingly, we conclude that, even assuming *arguendo* that the government bore the burden on the issue of prejudice, the government has successfully demonstrated on this record that Nolasco suffered no prejudice. *See Boyland*, 862 F.3d at 288–89.

\* \* \*

We have considered Nolasco's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk