18-434-cr
United States of America v. Brown

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2018

Argued:  June 10, 2019                    Decided: August 16, 2019

Docket No. 18-434-cr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Appellee,

          v.

LAWRENCE BROWN,

        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before:  NEWMAN, HALL, and CHIN, Circuit Judges.

Appeal from the February 7, 2018, judgment of the District Court for the

Southern District of New York (Nelson S. Román, District Judge) sentencing

Lawrence Brown to an aggregate sentence of 39 years for firearms and robbery

offenses.

Court of Appeals rules that *Dean v. United States*, 137 S. Ct. 1170 (2017), has abrogated the Court's decision in *United States v. Chavez*, 549 F.3d 119 (2d Cir. 2008), and permits sentencing judges to consider the severity of mandatory consecutive minimum sentences required by 18 U.S.C. § 924(c) in determining sentences for underlying predicate offenses. Encountering uncertainty whether sentencing judge was aware of the discretion authorized by *Dean*, court remands for resentencing.

Convictions affirmed in summary order filed this day; case remanded for resentencing.

> John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, NY for Defendant-Appellant Lawrence Brown.
>
> Allison Nichols, Asst. U.S. Atty., New York, NY (Geoffrey S. Berman, U.S. Atty., Anden Chow, Daniel B. Tehrani, Asst. U.S. Attys., on the brief), for Appellee United States of America.

JON O. NEWMAN, Circuit Judge:

This appeal presents two sentencing issues. One issue is whether a district judge is permitted to consider the severity of one or more mandatory consecutive minimum sentences imposed for firearms offenses under 18 U.S.C. § 924(c) when

the judge selects sentences for underlying predicate offenses. The Supreme Court has recently ruled that such severity may be considered. *See Dean v. United States*, 137 S. Ct. 1170 (2017). The other issue is whether a court of appeals, encountering uncertainty as to whether a sentencing judge was aware of the discretion permitted by *Dean* should (a) remand for clarification of the sentencing judge's understanding of the discretion permitted by *Dean*, with resentencing required only if the judge was not aware of such discretion, or (b) remand for resentencing.

These issues arise on an appeal by Lawrence Brown from the February 7, 2018, judgment of the District Court for the Southern District of New York (Nelson S. Román, District Judge) sentencing him to 39 years' imprisonment. Concurrent terms of 7 years (84 months) were imposed for two robberies in violation of 18 U.S.C. § 1951, a mandatory consecutive sentence of 7 years was imposed for brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and a mandatory consecutive sentence of 25 years was imposed for a second firearms offense in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (C)(i).

In a summary order filed this day, we have rejected Brown's challenges to all four convictions. In this opinion, we consider issues arising from Brown's

sentence. First, we conclude that the Supreme Court's decision in *Dean* has abrogated this Court's decision in *United States v. Chavez*, 549 F.3d 119, 135 (2d Cir. 2008), which had precluded a sentencing judge from considering the severity of mandatory consecutive minimum sentences required by section 924(c) in determining sentences for underlying predicate counts; *Dean* permits consideration of such severity. We then explain why we encounter uncertainty as to whether Judge Román was aware of the discretion that *Dean* allowed him to exercise and why we conclude that the appropriate disposition is to remand for resentencing.

## Background

Brown was convicted of robbing at gunpoint a Rite-Aid pharmacy in November 2013 and a ShopRite grocery in April 2014. He brandished a firearm at employees in both stores, tied their hands, and took money from the stores' safes. A jury found Brown guilty of the two robbery offenses and the two firearms offenses.

At sentencing, defense counsel argued that, in view of the severity of the mandatory consecutive minimum sentences on the firearms counts, Judge Román should impose lenient sentences on the robbery counts. He specifically suggested

one day on each robbery count, which would have resulted in an aggregate sentence of 32 years and two days. The presentence report calculated a Guidelines range of 70 to 87 months for the robbery offenses. Judge Román imposed concurrent sentences of 84 months (7 years) on the two robbery counts and consecutive sentences of 7 and 25 years, respectively, on the two firearms counts for an aggregate sentence of 39 years.[1] Judge Román did not say whether he had considered the severity of the mandatory consecutive minimum firearms sentences in determining the sentences on the robbery counts.

## Discussion

In 2008, we ruled that a sentencing judge was not permitted to consider the severity of mandatory consecutive minimum sentences under section 924(c) in determining sentences on underlying predicate offenses. *See United States v. Chavez*, 549 F.3d 119, 135 (2d Cir. 2008). In 2017, the Supreme Court abrogated that

---

[1] Subsection 924(c)(1)(C) was amended last year to provide that only a second section 924(c) conviction "that occurs after a prior conviction under [section 924(c)] has become final" requires the consecutive minimum 25-year sentence provided by subsection 924(c)(1)(C)(i). *See* First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22. The new provision applies only "going forward," *United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019), and therefore provides no benefit to Brown in the pending appeal at this point. However, at the resentencing, which will occur as a result of our remand, Brown will have the opportunity to argue that he is nevertheless entitled to benefit from section 403(b) of the Act, which provides: "[T]he amendment[] . . . shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."

decision, ruling that such severity may be "considered." *Dean v. United States*, 137

S. Ct. 1170, 1175–78 (2017).[2]

There is a slight ambiguity in *Dean* as to the sentencing judge's options in

selecting a sentence on an underlying predicate offense. The unanimous opinion

of Chief Justice Roberts initially states that the "question presented is whether, in

calculating the sentence for the predicate offense, a judge must *ignore* the fact that

the defendant will serve the mandatory minimums imposed under § 924(c)," *id.* at

1174 (emphasis added), and later states that "the District Court could not

reasonably *ignore* the deterrent effect of [the defendant's] mandatory minimum,"

*id.* at 1176 (emphasis added). A prohibition on "ignor[ing]" a section 924(c)

mandatory consecutive minimum sentence might imply that the sentencing judge

is *required* to consider such a sentence in determining a sentence for the predicate

offense. However, in passages set forth in the margin,[3] the Chief Justice's opinion

---

[2] We previously noted *Dean*'s possible impact on *Chavez. See United States v. Pike*, 717 F. App'x 9, 11–12 (2d Cir. 2017) (declining to consider issue); *United States v. Bonilla*, 700 F. App'x 82, 84 (2d Cir. 2017) (same).

[3] "As a general matter, [various] provisions *permit* a court imposing a sentence on one count of conviction *to consider* sentences imposed on other counts." *Dean*, 137 S. Ct. at 1176 (emphases added). "Nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and [other] provisions to *consider* a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." *Id.* at 1176–77 (emphasis added). A limitation imposed by subsection 924(c)(1)(A) "says nothing . . . about what information a court *may consider* in determining [a predicate] sentence." *Id.* at 1177 (emphasis added). "The bar on imposing concurrent sentences does not affect a court's *discretion to consider* a mandatory minimum when calculating each individual sentence." *Id.* (emphasis added).

repeatedly makes the point that a sentencing judge is *permitted* to consider a mandatory consecutive minimum sentence when calculating a sentence for a predicate offense. We think that the Court in *Dean* intended to rule that a sentencing judge, selecting a sentence for a predicate offense, was not prohibited from considering the severity of a mandatory consecutive minimum sentence, and has the discretion, but not the obligation, to consider such severity. Because Brown's case is pending on direct review, *Dean*, thus understood, is applicable. *See United States v. Booker*, 543 U.S. 220, 268 (2005); *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

On appeal, Brown renews his argument that Judge Román should have imposed minimal sentences, *i.e.*, one day, on the robbery counts in view of the severity of the mandatory consecutive minimum 7- and 25-year sentences on the firearms counts. Although Brown did not explicitly argue in the District Court that Judge Román was unaware of the discretion permitted by *Dean*, nor make such a contention on appeal, we are satisfied that his plea for minimal one-day sentences on the robbery counts adequately preserved a claim that the sentencing judge was permitted to consider the severity of the sentences on the firearms counts.

That conclusion raises the issue whether the sentencing judge erred by imposing the concurrent 84-month sentences on the predicate robbery counts in the absence of any indication that he was aware of his discretion to consider the severity of the mandatory consecutive section 924(c) sentences. Although "[w]e may generally assume 'that the sentencing judge understood all the available sentencing options,'" *United States v. Preacely*, 628 F.3d 72, 80 (2d Cir. 2010) (quoting *United States v. Sanchez*, 517 F.3d 651, 665 (2d Cir. 2008)) (unclear whether sentencing judge "understood" option to depart from career offender guideline, U.S.S.G. § 4B1.1(b)), that assumption is not warranted in the unusual circumstances of this case. First, the Supreme Court has decided *Dean*, removing the prohibition on considering the severity of mandatory consecutive minimum sentences under section 924(c). Second, our decision in *Chavez*, precluding consideration of the severity of such sentences, had not been disavowed by this Court, even though abrogated by the Supreme Court in *Dean*. Third, neither the prosecutor nor the defense counsel called *Dean* to the attention of the sentencing judge, and it was not mentioned in the presentence report. Under these circumstances, we are uncertain whether Judge Román was aware of the discretion permitted by *Dean*.

8

That uncertainty raises the further issue of the appropriate disposition an appellate court should make of a sentencing appeal when it is not clear whether a sentencing judge was aware of or understood a relevant aspect of sentencing law. There are two possibilities. One is to remand to afford the sentencing judge the opportunity to clarify whether he was aware of the discretion permitted by *Dean*, and, if not, then to vacate the sentence and resentence. The other is simply to remand for resentencing. This Court has used both types of remand in comparable circumstances.

In several cases of uncertainty on our part, we remanded for clarification. *See, e.g.*, *United States v. Regalado*, 518 F.3d 143, 147–49 (2d Cir. 2008) (uncertainty whether sentencing judge "understood" discretion to impose non-Guidelines sentence because of disparity between sentences for cocaine base and cocaine powder offenses);[4] *United States v. Keller*, 539 F.3d 97, 101–02 (2d Cir. 2008) (same; remanded pursuant to *Regalado*); *Sanchez*, 517 F.3d at 665 (uncertainty concerning sentencing judge's understanding of 28 U.S.C. § 994(h)); *United States v. Rivers*, 50 F.3d 1126, 1129–31 (2d Cir. 1995) (uncertainty whether sentencing judge relied on

---

[4] The statement of the holding in the Westlaw report incorrectly states, "The Court of Appeals held that case had to be remanded to district court for resentencing." *Regalado*, 518 F.3d at 143 (Westlaw statement of Holding); *see also id*. at 145 (Westlaw headnote No. 14).

"erroneous belief" in not making Guidelines departure and employed the correct legal standard in making its relatedness finding); *United States v. Ogbondah*, 16 F.3d 498, 501 (2d Cir. 1994) (uncertainty whether sentencing judge "understood" authority to depart from Guidelines because of "bureaucratic confusion that led to the loss of sentence credit"); *United States v. Ritchey*, 949 F.2d 61, 63 (2d Cir. 1991) (uncertainty whether sentencing judge had "mistaken conception" of authority to depart from Guidelines for various reasons); *United States v. Sharpsteen*, 913 F.2d 59, 63-64 (2d Cir. 1990) (uncertainty whether sentencing judge "recognized" authority to depart from Guidelines because of family ties and responsibilities).[5]

In several other cases of uncertainty on our part, we remanded for resentencing. *See*, *e.g.*, *United States v. Jones*, 531 F.3d 163, 181–83 (2d Cir. 2008) (uncertainty concerning sentencing judge's "understanding" of discretion to consider disparity between sentences for cocaine base and cocaine powder offenses); *United States v. Toohey*, 448 F.3d 542, 546 (2d Cir. 2006) (uncertainty whether sentencing judge "felt compelled" to impose Guidelines sentence); *United*

---

[5] We also remanded for clarification in the somewhat similar situation where, in the aftermath of the remedy opinion in *Booker*, 543 U.S. at 244–68, rendering the Guidelines advisory, we knew the sentencing judge had been unaware of the discretion that *Booker* would subsequently authorize, but were uncertain whether the sentencing judge would have imposed virtually the same sentence as had been imposed under the mandatory Guidelines regime. *See United States v. Crosby*, 397 F.3d 103, 117–19 (2d Cir. 2005), *abrogated in part on other grounds as recognized in United States v. Lake*, 419 F.3d 111, 113 n.2 (2d Cir. 2005).

*States v. Thorpe*, 191 F.3d 339, 344 (2d Cir. 1999) (uncertainty whether sentencing judge "correctly understood" that probationary sentence could be imposed without making Guidelines departure); *United States v. Sweeney*, 90 F.3d 55, 58 (2d Cir. 1996) (uncertainty whether sentencing judge "might have misapprehended" effect of Sentencing Commission's policy statement), *abrogated in part as recognized in United States v. Fleming*, 397 F.3d 95, 99 n.5 (2d Cir. 2005); *United States v. Ekhator*, 17 F.3d 53, 55–56 (2d Cir. 1994) (uncertainty whether sentencing judge "was aware" of authority to depart from Guidelines sentencing range because of extraordinary family circumstances); *United States v. Speenburgh*, 990 F.2d 72, 75 (2d Cir. 1993) (uncertainty whether sentencing judge "understood" authority to give minor role adjustment, *see* U.S.S.G. § 3B1.2); *United States v. Califano*, 978 F.2d 65, 66 (2d Cir. 1992) (uncertainty whether sentencing judge erroneously believed himself without authority to depart under Guidelines for extraordinary family circumstances); *United States v. Rogers*, 972 F.2d 489, 495 (2d Cir. 1992) (uncertainty whether sentencing judge was aware of authority to depart from Guidelines sentencing range despite defendant's career offender status).[6]

---

[6] We also remanded for resentencing in *Lake*, 419 F.3d at 114, in the situation, similar to *Crosby*, 397 F.3d at 117–19, where we were uncertain whether the sentencing judge would have imposed virtually the same sentence as had been imposed under the mandatory Guidelines regime, but, unlike *Crosby*, the *Booker* error had been preserved, obviating plain error analysis.

In one case, *United States v. Preacely*, a divided panel reflected both approaches. Encountering an "ambiguity," 628 F.3d at 80, as to whether the sentencing judge understood the option to make a horizontal departure from the career offender guideline, U.S.S.G. § 4B1.1(b), Judge Wallace, sitting by designation, with the concurrence of Judge Lynch, explained why the remand should be for resentencing. *See Preacely*, 628 F.3d at 82 n.2. Judge Raggi, in dissent, explained why a remand only for clarification was appropriate. *See id*. at 87.

There are considerations supporting both approaches. A remand for clarification, with resentencing to follow only if the sentencing judge indicates a prior misunderstanding, avoids the inconvenience and expense of returning the defendant to court in the event that the judge explains that no misunderstanding existed, and the sentence therefore remains undisturbed. On the other hand, a remand for resentencing avoids the risk of the appearance that the sentencing judge has unjustifiably claimed a correct prior understanding. Although we are confident that district judges will faithfully report their true prior understanding, some defendants and perhaps some defense counsel would likely be suspicious.

We see no reason to express a categorical preference for either approach. Instead, we think an appellate court should make an individualized decision

12

whether to remand for clarification or resentencing, taking into account all the relevant circumstances, including those giving rise to the ambiguity that the court encounters.[7] In the pending appeal, we conclude that a remand for resentencing is appropriate in light of our now-abrogated decision in *Chavez* and the failure of both counsel and the Probation Office to bring *Dean* to the District Court's attention. Resentencing will also afford Brown the opportunity to argue that he should benefit from section 403(b) of the First Step Act of 2018. *See* footnote 1, *supra*.

Brown also challenges the substantive unreasonableness of his aggregate 39-year sentence. We need not consider that argument because we are remanding for resentencing.

## Conclusion

We therefore remand for resentencing. Should any appeal ensue after resentencing, either party may restore our jurisdiction pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), in which event the appeal will be referred to this panel.

---

[7] We would not remand for clarification or resentencing "if the record indicated clearly that the district court would have imposed the same sentence had it had an accurate understanding of its authority." *Sanchez*, 517 F.3d at 665. There is no such indication in this case.

13