19-2401-cr
United States v. Perkins

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of June, two thousand twenty.

Present:        ROSEMARY S. POOLER,
                REENA RAGGI,
                RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                *Appellee*,

                v.                                                    19-2401-cr

MELISSA L. PERKINS,

                *Defendant-Appellant*.

_____

For Appellant:          Courtenay McKeon, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, N.Y.

For Appellee:           Michael D. Gadarian, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED AND REMANDED**.

Defendant-Appellant Melissa Perkins appeals from the judgment entered on July 23, 2019, in the United States District Court for the Northern District of New York (Suddaby, *C.J.*), revoking Perkins's probation upon her plea of guilty to seven different violations of the terms of her probation, and sentencing her to ten months' imprisonment and one year of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Perkins challenges her sentence on procedural and substantive grounds, arguing that (1) the district court's reasons for imposing a within-Guidelines sentence were based on clearly erroneous facts; (2) the district court failed to consider the sentencing factors identified in 18 U.S.C. § 3553(a); and (3) the sentence was substantively unreasonable in light of, inter alia, Perkins's IQ of 75, financial difficulties, and her role as sole caregiver for her young son. Perkins also argues that the district court violated her due process rights and Federal Rule of Criminal Procedure 32.1(b)(2) by relying on a confidential letter from the Probation Office (the "Probation Office Letter") about Perkins's case that was not shared with either party.[1] We review Perkins's challenge to the substantive reasonableness of her sentence for abuse of discretion, *see Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020), and review Perkins's procedural objections—which she raises for the first time on appeal—for plain error, *see United States v. Verkhoglyad*, 516 F.3d 122, 127-28 (2d Cir. 2008).

As a preliminary matter, we conclude that Perkins's release from imprisonment does not moot her appeal. Perkins also challenges the supervised release portion of her sentence, and we cannot say based on our review of the record that "the possibility of the district court's imposing a reduced term of supervised release on remand is . . . remote and speculative." *United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007) (internal quotation marks omitted).

The Probation Office Letter, a confidential letter sent to the district court, is not part of the record on appeal. In connection with Perkins's challenge on appeal, the Government filed the Probation Office Letter on the appellate docket but did not separately move to supplement the record. Even without such a motion, however, we have the authority to nostra sponte supplement the record on appeal with "anything material to either party." Fed. R. App. P. 10(e)(2). We conclude that we should do so here to "clarif[y] our understanding of the process by which the

---

[1] Though ordinarily an argument is waived if not made in an appellant's opening brief, "we have discretion to excuse such an error if manifest injustice would otherwise result." *JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). While Perkins raises her argument as to the Probation Office Letter only in her reply brief, we understand that Perkins learned of this letter for the first time from the government's brief. Accordingly, we exercise our discretion to consider this argument as not waived.

District Judge reached the decision challenged on appeal." *Salinger v. Random House, Inc.*, 818 F.2d 252, 253 (2d Cir. 1987).

Under the Federal Rules of Criminal Procedure, a defendant in probation revocation proceedings is entitled to the disclosure of the evidence against them and an opportunity to make a statement to the court and present mitigating information, among other procedural rights. *See* Fed. R. Crim. P. 32.1(b)(2). The Probation Office Letter made factual representations to the district court about the details of Perkins's noncompliance with the terms of her probation, including that she traveled outside the judicial district with her boyfriend without prior approval of the Probation Office or the district court because she wanted a vacation away from her children. The district court referenced this representation as one reason to discount Perkins's mitigating evidence that she was the sole caretaker of her three-year-old son. Yet the letter was not shared with Perkins or the government during the revocation proceeding. Because all the evidence against Perkins was not disclosed to her, and because the district court may have relied on undisclosed evidence to discount Perkins's statement in mitigation at her probation revocation hearing, we conclude that the district court committed a procedural error meriting vacatur, and we therefore remand for resentencing.

Because we reach this conclusion, we need not consider Perkins's remaining arguments. *See, e.g.*, *United States v. Brown*, 935 F.3d 43, 49 (2d Cir. 2019).

Accordingly, for the reasons set out above, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3