18-3016
*United States v. Williams*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty.

PRESENT: PIERRE N. LEVAL,
 PETER W. HALL,
 GERARD E. LYNCH,
  *Circuit Judges*.

_____

United States of America,
  *Appellee*,

 v. 18-3016

Travis Walker, Stephanie Lloyd, Darius Lowery, AKA YD, Terrell Maden, AKA Ralo, Ralph James, AKA Esco, Laurell Lewis, AKA

TK, Bryan Kenner,

          *Defendants*,

Sharod Williams, AKA Sharod Brown,

          *Defendant-Appellant*.

_____

| For Appellant: | LUCAS ANDERSON, Rothman, Schneider, Soloway & Stern, LLP, New York, New York. |
| --- | --- |
| For Appellee: | LARA TREINIS GATZ, Assistant U.S. Attorney (Samuel P. Nitze, Assistant U.S. Attorney, *on the brief*) *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction of the district court is **AFFIRMED**, the sentence is **VACATED**, and the case is **REMANDED** for resentencing consistent with this order**.**

Defendant-Appellant Sharod Williams appeals from an October 11, 2018 judgment of conviction in the United States District Court for the Eastern District of New York (Spatt, *J.*) following a three-week jury trial.   Williams challenges his convictions on the following grounds: (1) there was insufficient evidence to

2

support certain counts of his conviction, (2) his 18 U.S.C. § 924(c) charges must be vacated as they are predicated in part on a crime that is not categorically a crime of violence and multiple § 924(c) charges are tied to the same underlying conspiracy in violation of the due process clause of the Fourteenth Amendment, and (3) the district court abused its discretion in admitting certain evidence. Williams also appeals his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Convictions

The government's fifth superseding indictment charged Williams with multiple counts of robbery, including Hobbs Act (Count 2), post office (Count 5), and bank (Counts 8, 9, 11, 13, and 15); conspiracy to commit these robberies (Counts 1, 4, and 7); and brandishing a firearm during these robberies or robbery conspiracies in violation of § 924(c) (Counts 3, 6, 10, 12, and 14).

"We review a claim of insufficiency of the evidence *de novo*." *United States v. Dove*, 884 F.3d 138, 150 (2d Cir. 2018). But, "the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011). "We must affirm the conviction if 'any rational trier of fact

3

could have found the essential elements of the crime beyond a reasonable doubt.'"

*Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted)).

Williams argues that there was insufficient evidence to support his § 924(c) convictions because the government failed to prove that the guns used in the robberies were real "as opposed to replica firearms, BB guns, or other objects that may have appeared to be actual firearms." Appellant's Br. at 25–26. We disagree. For each robbery, witnesses testified that they viewed a gun at close range and, from their testimony, a reasonable jury could infer what the witnesses viewed were in fact firearms. *See, e.g., United States v. Jones*, 16 F.3d 487, 491 (2d Cir. 1994) ("[T]he testimony of three eyewitnesses that Jones brandished a silver gun with a white handle . . . was sufficient to permit a reasonable jury to infer that the object displayed by Jones in the bank was in fact a 'firearm.'"). Furthermore, witnesses testified that Williams facilitated and encouraged the use of firearms during the Bayside Queens Savings Bank and Chase Bank robberies. *See United States v. Gomez*, 580 F.3d 94, 103 (2d Cir. 2009) ("Gomez was 'present' as a lookout at the scene and played a critical supportive role in the armed robbery. Accordingly, there was easily sufficient evidence to convict Gomez for aiding and abetting on the Section 924(c) count.").

4

Williams's challenge to the sufficiency of the evidence in support of Count 5 also fails because witness testimony proved that the victim's life was in danger as a gun was held to her head during the robbery. *See United States v. Donovan*, 242 F.2d 61, 63 (2d Cir. 1957). In addition, Williams's challenge to Count 7 fails because a rational trier of fact could have concluded that a single conspiracy existed based on the testimony of the co-conspirators revealing that the robberies often included the same personnel, vehicle, and method. *See United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990).

Williams appeals the § 924(c) convictions because the jury was instructed that it could convict Williams of the § 924(c) charges based on either the predicate act of robbery or conspiracy. Williams argues that because the jury's verdict may have been based entirely on the predicate conspiracy, those convictions must be reversed under our subsequent case law holding that conspiracy to commit robbery is not a crime of violence as defined by § 924(c). *See United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019). Williams argues that Counts 10, 12, and 14 also violate the Double Jeopardy Clause because the predicate conspiracy was the same charge (Count 7).

5

Although the jury instructions on the § 924(c) counts were legally incorrect, the error was harmless. *See Skilling v. United States*, 561 U.S. 358, 414 (2010) (applying harmless-error analysis when the jury is instructed on alternative theories of guilt, one of which is legally invalid). The only plausible use of firearms in furtherance of the conspiracy on those dates was their use in connection with the bank robberies that took place on those dates. It is clear from Williams's convictions on the substantive robbery counts, and the convictions of brandishing firearms on the same dates as those robberies, that the jury would have reached the same result if the correct instruction had been given. In addition, the *Pinkerton*, or co-conspirator, jury instruction does not require vacatur under *Barrett*. *See Pinkerton v. United States*, 328 U.S. 640, 646–47 (1946). Even if the jury found Williams guilty of the robberies under a *Pinkerton* theory of liability, it is still the case that the substantive crime of armed robbery on which the firearms charge was predicated "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Next, Williams argues that the district court abused its discretion by admitting evidence regarding Williams's alleged but uncharged involvement in

planning armed robberies of jewelry stores. We review evidentiary rulings for abuse of discretion. *United States v. Rosemond*, 841 F.3d 95, 107 (2d Cir. 2016). Here, the district court did not abuse its discretion as the evidence of the uncharged attempted robberies is admissible as evidence of motive, plan, and intent. *See* Fed. R. Evid. 404(b)(2); *see also United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009).

Finally, Williams argues that Count 13 must be vacated because the jury instructions constructively amended the indictment. Williams did not preserve this issue by objecting to this error in the district court. Accordingly, we must review for plain error. Fed. R. Crim. P. 52(b); *see also United States v. Bastian*, 770 F.3d 212, 216 (2d Cir. 2014) (applying plain error analysis to an unpreserved claim of constructive amendment). "While this Circuit views constructive amendment as a *per se* violation of the Grand Jury Clause requiring reversal, 'it has consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial.'" *United States v. D'Amelio*, 683 F.3d 412, 417 (2d Cir. 2012) (footnote omitted) (quoting *United States v. Rigas*, 490 F.3d 208, 228 (2d Cir. 2007) (emphasis omitted)).

Count 7 charged Williams with conspiracy to rob six different banks,

7

including: "Chase Bank, 221-50 Horace Harding Expressway, Oakland Gardens, New York ('Chase Bank #1['])  [and] Chase Bank, 196-03 Northern Boulevard, Flushing, New York ('Chase Bank #2')."  Count 13 charged Williams with the robbery of Chase Bank #2 on February 5, 2010.  At trial, the government, the district court, and the defense all appeared to share the mistaken belief that the robbery of the Oakland Gardens Chase (Chase Bank #1) was the one charged in Count 13 of the indictment.  The evidence presented at trial in support of Count 13 related to the robbery of the Oakland Gardens Chase on February 5, 2010.  The district court instructed the jury that "Count 13 of the indictment charges both defendants with bank robbery of the Chase Bank No. 2 in Oakland Gardens." App. 293.  Williams had a full opportunity to contest the proof at trial and evinced no surprise about the evidence.  Indeed, it was not until Williams's counsel was preparing for oral argument before this Court that he noticed that the Oakland Gardens Chase was labeled as Chase Bank #1 in the indictment.  Under these circumstances, we cannot say that the amendment affected the "core of criminality" of the offense.  Nor was this an impermissible variance as the error caused no prejudice.  *United States v. Salmonese*, 352 F.3d 608, 621 (2d Cir. 2003).

## II. Sentence

The district court initially sentenced Williams to 27 years of imprisonment and rejected the government's argument that a 105-year sentence was required by law: "I don't care what [§ 924(c)] says. I think [a 105-year sentence] is totally unconstitutional, unrealistic, unbelievable, and incredible." The government filed a motion for reconsideration, again arguing that a sentence of 105 years was required under § 924(c). The court granted the motion, resentenced Williams to 105 years' imprisonment on the five § 924(c) counts, and awarded credit for the time Williams had already served (approximately 99 months before the resentencing). The court explained:

> [T]he Court has no alternative and must follow the law, and now reconsiders the sentence imposed on September 28, 2018, vacates that sentence, and finds that the statutorily mandatory minimum of 105 years is required, namely Count Three, five years; Count Six, 25 years; Count Ten, 25 years, Count Twelve, 25 years; and Count Fourteen, 25 years, all consecutive, and that sentence is now imposed. It is further ordered that the defendant is to be given credit for time already served.

The court said nothing about the imposition of a sentence on the predicate robbery offenses, but later agreed with the government when it clarified that the court had "sentenced the defendant to time served on the [predicate] robbery counts, and 105 years on the gun counts." In sum, the district court resentenced Williams to

two concurrent prison sentences: one on the § 924 counts consisting of 105 years, with credit for time served; the other on the predicate robberies consisting of time served. The two sentences were concurrent as both began to run when the defendant was first incarcerated.[1]

Williams appeals his sentence on the following grounds: (1) the district court abused its discretion in vacating its initial sentence and imposing a 105-year sentence, and (2) the district court's 105-year sentence violated § 924(c)'s mandate that a consecutive sentence must be imposed with respect to the underlying crime of violence.

Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Here, the district court's original sentence clearly violated §§ 924(c)(1)(A)(i) and 924(c)(1)(C)(i) and, therefore, the court did not abuse its discretion in correcting the sentence. *See United States v. Abreu-Cabrera*,

---

[1] The written judgment imposed a "total term of" 105 years without specifying that the 105 years were to begin as of the imposition of the sentence, which tends to confirm that Williams received credit for time served against the 105-year mandatory minimum. *See* 18 U.S.C.A. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . ."). Moreover, even if there were a conflict between the judge's oral pronouncement of the sentence and the written judgment, the oral pronouncement would control. *See United States v. Asuncion-Pimental*, 290 F.3d 91, 93 (2d Cir. 2002).

64 F.3d 67, 72 (2d Cir. 1995).

The district court's second sentence, however, also violates the commands of § 924(c). Subsection 924(c)(1)(D)(ii) states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed." Because the § 924(c) and predicate robbery sentences both began to run when Williams was first incarcerated, the district court imposed a sentence that is more than eight years less than the term required (at that time[2]) by law.

We have considered Williams's remaining arguments regarding his conviction and conclude they are without merit. The judgment of conviction of

---

[2] Approximately three months after Williams was resentenced, Congress passed the First Step Act, Pub. L. No. 115-391, § 401(a)(2)(B), 132 Stat. 5194, 5220–21 (2018). Among the Act's reforms, § 924(c) was amended to require a 25-year mandatory minimum sentence only for a violation of § 924(c) "that occurs after a prior conviction under [§ 924(c)] has become final." First Step Act, § 403(a); *see also United States v. Brown*, 935 F.3d 43, 45 n.1 (2d Cir. 2019). Thus, under current law, Williams would not be subject to 25-year mandatory minimum sentences for each of the second, third, fourth, and fifth § 924(c) counts. During oral argument, the government agreed that at a resentencing that would occur as a result of our remand, Williams would benefit from the Act's reforms. *See* First Step Act, § 403(b) ("[T]he amendment[ ] . . . shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

the district court is **AFFIRMED.** For the reasons stated, we **VACATE** the sentence and **REMAND** for resentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court