20-1669-cr
*United States v. Rose*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-one.

PRESENT:
SUSAN L. CARNEY,
WILLIAM J. NARDINI,
    *Circuit Judges*,
LEWIS J. LIMAN,
    *District Judge.*\*

---

UNITED STATES OF AMERICA,

    *Appellee*,

v.

No. 20-1669

GREGORY MICHAEL ROSE,

    *Defendant-Appellant.*†

---

---

\* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the official caption as set forth above.

FOR APPELLANT:                              JOHN GLEESON, (Marisa R. Taney, Steven Tegrar, *on the brief*), Debevoise & Plimpton LLP, New York, NY.

FOR APPELLEE:                               MICHAEL F. PERRY, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order dated May 20, 2020, is **AFFIRMED**.

Defendant-Appellant Gregory Michael Rose appeals from the district court's order denying his September 2019 motion under 18 U.S.C. § 3582(c)(1)(A)(i) "for an order reducing his 90-year sentence to time served." Special App'x 1. The district court's decision rested on two alternative grounds: First, it concluded—based on the policy statement of the United States Sentencing Commission in U.S.S.G. § 1B1.13—that only the Bureau of Prisons had the authority to decide whether Rose's proffered reasons for compassionate release qualified as "extraordinary and compelling" under § 3582. *Id.* at 12–13, 17. Second, it ruled that, if notwithstanding § 1B1.13 it *could* consider the merits of Rose's motion, it would nonetheless determine that he was not entitled to immediate release.

The district court's first ground for decision has now been rejected by our Court. *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020). In *Brooker*, we concluded that the First Step Act of 2018 made U.S.S.G. § 1B1.13 no longer "fully applicable" to district courts' consideration of applications for release of prisoners under § 3582(c)(1). *Id.* at 235. We held, rather, that with respect to applications brought by prisoners rather than by the Bureau of Prisons, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. Further, "[n]either Application Note 1(D), nor anything

2

else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id.*

In light of *Brooker*, the government now concedes that the district court's conclusion about § 1B1.13 was erroneous. *Brooker* also renders moot much of the argument in Rose's opening brief, which took on the § 1B1.13 issue. Rose also, however, challenges the district court's alternative holding and urges that we remand for the court's further consideration of his motion.

As to this holding, Rose argues that the district court mistakenly perceived its authority as too limited even apart from *Brooker*. To begin, he asserts that the district court erroneously thought that, even if it were not bound by the policy statement in the Sentencing Guidelines, it lacked the authority to reduce his sentence below what the applicable guideline range would be if Rose were sentenced now, after the reduction of relevant mandatory minimum sentences. Further, he contends that the district court misunderstood its § 3582 prerogative and thought it could not grant a motion to reduce the length of Rose's sentence without ordering Rose's immediate release. For its part, the government counters that the text of the district court's decision reflects that the court understood its authority and determined only, in the exercise of its discretion, that Rose's motion did not present an extraordinary or compelling reason for immediate release.

When a decision is ambiguous as to whether a sentencing judge understood a relevant aspect of sentencing law, we may remand for clarification or for resentencing. *E.g.*, *United States v. Brown*, 935 F.3d 43, 47 (2d Cir. 2019). After due consideration in Rose's case, however, we are not convinced that in May 2020 the experienced district judge misperceived his broad authority to order a suitable sentence reduction on a motion under § 3582(c)(1). *See Brooker*, 976 F.3d at 237; *see also* 18 U.S.C. § 3582(c)(1)(A) (on a showing of "extraordinary and compelling reasons," district courts "may reduce the term of imprisonment . . . and may impose a term of probation or supervised release"). We affirm the court's order because—except with regard to the element that has since been addressed by *Brooker*—we perceive in its decision no reversible error or ambiguity requiring remand.

In its written decision, the district court expressed concern, still, that Rose's approximately 90-year sentence is "too long." Special App'x 27. It provided— appropriately—that its denial of the motion was "without prejudice" to a future motion by Rose for sentence reduction. *Id.* We expect that such a motion may be forthcoming. On such a motion, the district court must consider the § 3553(a) factors; it may look to, but is not bound by, the mandatory minimums that the defendant would face if being sentenced for the first time under revised guidelines or statutes; it will again consider Rose's record while in prison. Its decision, however, will still be committed to its reasoned discretion exercised under the standards imposed by § 3582(c)(1).

\* \* \*

The order of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court