20-4204-cr
United States of America v. Campbell

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of January, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
             SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                    20-4204-cr

GEORGE CAMPBELL, AKA ROLAND CAMPBELL,
AKA RAMADAN,

                    *Defendant-Appellant*.[1]

_____

Appearing for Appellant:      Edward S. Zas, Federal Defenders of New York, Inc., Appeals
                              Bureau, New York, N.Y.

Appearing for Appellee:       Robert M. Pollack, Assistant United States Attorney (David C.
                              James, Assistant United States Attorney, *on the brief*), *for*
                              Jacquelyn M. Kasulis, Acting United States Attorney for the
                              Eastern District of New York, Brooklyn, N.Y.

_____

[1] The Clerk of Court is directed to amend the caption as set forth above.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **VACATED** and the case is **REMANDED**.

George Campbell appeals from the December 9, 2020 order of the United States District Court for the Eastern District of New York (Dearie, *J.*) denying his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the denial of a motion for a discretionary sentence reduction for abuse of discretion. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020); *see also United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). Where "the decision evinces 'an erroneous view of the law' or 'a clearly erroneous assessment of the evidence,' or where it falls outside 'the range of permissible decisions,' we will vacate" for abuse of discretion. *United States v. Moyhernandez*, 5 F.4th 195, 205 (2d Cir. 2021) (citing *Borden*, 564 F.3d at 104 (2d Cir. 2009)).

As relevant to this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Some of the factors to be considered under Section 3553(a) include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a).

Recently in *United States v. Brooker*, we stated that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." 976 F.3d 228, 237 (2d. Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 237-38 (alterations and emphasis in original) (citing 28 U.S.C. § 994(t)).

Campbell first argues that the district court abused its discretion by failing to deem the "unstacking" of his 18 U.S.C. § 924(c) convictions as an "extraordinary and compelling reason[]" for release under 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act of 2018 amended Section 924(c), preventing firearm offenses that were charged in the same indictment as the first offense from counting as repeat offenses and thus preventing the aggregation of lengthy mandatory consecutive sentences, an effect known as "stacking" Section 924(c) convictions *See* First Step Act § 403(a), Pub. L. No. 115-391, 132 Stat. 5194, 5221-22 ("FSA").

Campbell has seven convictions for using and carrying a firearm while committing a crime of violence, in violation of Section 924(c), all of which were charged in the same indictment. As Campbell's counsel recognized before the district court, and as Campbell concedes here, the "unstacking" provisions of the FSA do not apply retroactively. *United States v. Waite*, 12 F.4th 204, 214 (2d Cir. 2021) (discussing how Congress expressly declined to make all the First Step Act's amendment to § 924(c)(1)(C) retroactive). Campbell nonetheless contends that this change in law constitutes an extraordinary and compelling reason for a sentence reduction in his case. Campbell's counsel thus argued below that, if he were to be sentenced today, Campbell would receive a 60-year sentence due to the unstacking provisions. The district court agreed with that assessment, writing that "[a]s defendant concedes, under the new FSA regime, he would be sentenced to 60 years' imprisonment." App'x at 245. Because Campbell was already required to be released after 50 years under an extradition agreement between Costa Rica and the United States, the district court concluded that the unstacking of Campbell's Section 924(c) convictions would have no practical effect on his sentence. Therefore, the district court reasoned, the sentencing changes brought about by the First Step Act did not constitute extraordinary and compelling circumstances justifying a reduction of Campbell's sentence: unstacking would have no bottom-line benefit for Campbell, it determined.

On appeal, however, Campbell raises a new argument: that if Campbell were to be re-sentenced today, he could also benefit from the changes brought about by *United States v. Booker*, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory; and *United States v. Brown*, 935 F.3d 43 (2d Cir. 2019), in which we interpreted the Supreme Court's ruling in *Dean v. United States*, 137 S. Ct. 1170 (2017), to mean that "a sentencing judge, selecting a sentence for a predicate offense, [is] not prohibited from considering the severity of a mandatory consecutive minimum sentence, and has the discretion, but not the obligation, to consider such severity." 935 F.3d at 46. Campbell argues the impact of these cases is that the court today would be free to impose an overall term of imprisonment as low as 35 years for the seven § 924(c) convictions, and would not be required to impose any additional prison time for the underlying robbery and conspiracy convictions, none of which carry a mandatory minimum prison term.

Campbell recognizes that this argument was not raised below. Where, as here, a defendant fails to raise a procedural objection at the time of sentencing, we review for plain error. *See United States v. Caltabiano*, 871 F.3d 210, 219 (2d Cir. 2017). Plain error exists when "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration and internal quotation marks omitted).

The district court did not acknowledge that it could have sentenced Campbell to as little as 35 years under the current sentencing regime, instead focusing on the 60-year sentence and finding that this sentence would have no practical impact because of the 50-year term required by the extradition treaty. As the government admits, the changes in sentencing law that Campbell cites are clear. Contrary to the government's argument, however, the district court's decision does not reflect that the court recognized its discretion but nonetheless found that a 60-year sentence would have been appropriate, such that the changes in sentencing law did not constitute

extraordinary and compelling reasons justifying a sentence reduction. We thus conclude that it is appropriate to remand for reconsideration of Campbell's motion to ensure the district court's denial was not based on a misunderstanding of the law. *Cf. United States v. Corsey*, 723 F.3d 366, 376 (2d Cir. 2013) (remanding for resentencing because record was ambiguous as to whether district court improperly treated the statutory maximum as the only reasonable sentence); *United States v. Cossey*, 632 F.3d 82, 88-89 (2d Cir. 2011) (remanding for resentencing where it was unclear whether district court sentenced defendant based on an appropriate or inappropriate consideration).We therefore grant a limited remand for the district court to consider the effect, if any, *Booker*, *Dean*, and *Brown* may have on its consideration of the requested sentence reduction.

Finally, Campbell argues that the district court abused its discretion by ruling that his asthma, hypertension, and obesity, which cause an increased risk of severe COVID-19, do not constitute extraordinary and compelling circumstances. We have recognized that "courts around the country, including in this circuit, have used [the coronavirus pandemic] as a justification for granting some sentence reduction motions." *Brooker*, 976 F.3d at 238. Both parties debate the severity of the COVID-19 pandemic within the facility where Campbell is incarcerated, but the ultimate question we must answer is whether the decision evinces "an erroneous view of the law," "a clearly erroneous assessment of the evidence," or if it fell outside "the range of permissible decisions," such that an abuse of discretion can be found. *Moyhernandez*, 5 F.4th at 205. Here, the district court considered the severity of the outbreak and Campbell's risk factors, finding that they did not constitute extraordinary and compelling circumstances. Campbell does not offer any persuasive argument that the district court either had an erroneous view of the law, an erroneous assessment of the evidence, or that it fell outside of the "range of permissible decisions." The district court did not abuse its discretion.

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the order of the district court hereby is VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4