**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. VERNE JAY MERRELL, AKA Thomas C. James, AKA Jay, AKA Carl Avery Martell, AKA Jay Merrell, *Defendant-Appellant.* | No. 20-30183 D.C. Nos. 2:96-cr-00257-WFN-1 2:96-cr-00257-WFN |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. ROBERT SHERMAN BERRY, AKA Jim Preston, *Defendant-Appellant.* | No. 20-30189 D.C. No. 2:96-cr-00259-WFN-1 |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. CHARLES HARRISON BARBEE, *Defendant-Appellant.* | No. 21-30043 D.C. No. 2:96-cr-00258-WFN-1 OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted April 12, 2022
Seattle, Washington

Filed June 10, 2022

Before:  Danny J. Boggs,* Andrew D. Hurwitz, and
Jennifer Sung, Circuit Judges.

Opinion by Judge Hurwitz;
Dissent by Judge Boggs

## SUMMARY**

### Criminal Law

In three defendants' consolidated appeals, the panel (1) vacated the sentences imposed at resentencing on two 18 U.S.C. § 924(c) counts that remained after the district court—in light of *United States v. Davis*, 139 S. Ct. 2319 (2019)—had granted 28 U.S.C. § 2255 relief and vacated the defendants' convictions on two other § 924(c) counts; and (2) remanded for resentencing.

---

* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel held that the version of 18 U.S.C. § 924(c)(1) that was amended by the First Step Act of 2018, and not the original version of § 924(c)(1), applies at post-Act resentencing of defendants whose sentences were imposed before the Act's passage and vacated.  In so holding, the panel interpreted § 403(b) of the Act, which provides that the statute applies to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  The panel held that because vacatur of the prior sentences here wiped the slate clean, a sentence had not been imposed for purposes of § 403(b) at the time of resentencing.  The panel wrote that the most reasonable reading of § 403(b) is that "a sentence" means an *existing valid sentence*, not a *prior valid one*; and that the vacated sentence—a legal nullity—cannot form the legal predicate for the exclusion from the application of the First Step Act, which Congress expressly made retroactive under § 403(b).

The panel rejected the defendants' other arguments in a concurrently filed memorandum disposition.

Dissenting, Sixth Circuit Judge Boggs would hold that § 403(b) does not apply retroactively to defendants who were sentenced prior to December 21, 2018, even if such a sentence was subsequently vacated.  He wrote that instead of applying the words of the statute to these appellants, the majority substitutes its theory of what Congress might have meant.

**COUNSEL**

Zachary L. Ayers (argued) and Walter L. Ayers, Ayers Law Firm P.L.L.C., Spokane, Washington, for Defendant-Appellant Robert Sherman Berry.

Mark E. Vovos (argued), Mark E. Vovos P.S., Spokane, Washington, for Defendant-Appellant Charles Harrison Barbee.

Jeffrey S. Niesen, Spokane, Washington, for Defendant-Appellant Verne Jay Merrell.

Joseph H. Harrington (argued), Assistant United States Attorney; Vanessa R. Waldref, United States Attorney; United States Attorney's Office, Spokane, Washington; for Plaintiff-Appellee.

**OPINION**

HURWITZ, Circuit Judge:

These consolidated cases arise out of two significant recent developments in federal criminal law. The first was the adoption of the First Step Act of 2018, amending 18 U.S.C. § 924(c)(1), which mandates enhanced sentences for crimes of violence involving the use of firearms. *See* Pub. L. No. 115–391, tit. IV, § 403, 132 Stat. 5194, 5221–22 (2018). The second was the decision of the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held the "residual clause" in 18 U.S.C. § 924(c)(3)(B) unconstitutional.[1]

Verne Merrell, Robert Berry, and Charles Barbee ("appellants") were convicted in 1997 of various offenses, including four "crimes of violence" subject to the sentencing rubric of § 924(c)(1). After *Davis*, the district court granted 28 U.S.C. § 2255 relief, vacating two of the § 924(c) convictions and resentencing appellants on the remaining § 924(c) convictions. The question for decision is whether the original version of § 924(c)(1) or the version as amended by the First Step Act governed that resentencing. The district court declined to apply the First Step Act. Because we hold that the First Step Act applies when sentences imposed before the Act's passage are vacated and defendants

---

[1] Section 924(c)(3) defines a felony "crime of violence" in two ways. The "elements clause" covers felonies that "[have] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The "residual clause" covered felonies "that by [their] nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

are resentenced after the Act's passage, we vacate and remand.[2]

## A.

In 1996, appellants committed a series of bank robberies and bombings in Spokane, Washington.  After two trials they were convicted of a variety of offenses.  As relevant here, those convictions included four counts—Counts Three, Five, Seven, and Nine—charging crimes of violence involving the use of firearms.  Count Three charged the use of a destructive device during the arson of a newspaper building on April 1, 1996; Count Five charged the use of a destructive device during a bank robbery on April 1, 1996; Count Seven charged the use of a destructive device during the arson of a Planned Parenthood building on July 12, 1996; and Count Nine charged the use of a firearm during a bank robbery on July 12, 1996.[3]

In 1997, § 924(c)(1) required a minimum sentence of five years for use of a firearm "in relation to any crime of violence," and a sentence of thirty years "if the firearm is a machinegun, or a destructive device."  *Id.*  "In the case of [a defendant's] second or subsequent conviction under this subsection," the statute then mandated a sentence of twenty

---

[2] We address and reject appellants' other arguments in a concurrently filed memorandum disposition, *United States v. Merrell*, No. 20-30183 (9th Cir. 2022), ___ F. App'x ___ (9th Cir. 2022).

[3] At the time, 18 U.S.C. § 921(a) defined "firearm" as "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive . . . or any destructive device." *Id.* § 921(a)(3)(A)–(D) (Sept. 30, 1996).  The statute defined a "destructive device" as "any explosive," including a "bomb."  *Id.* § 921(a)(4)(A)(i).

years, or a life sentence "if the firearm is a machinegun, or a destructive device." *Id*. At the time, the qualifying "second or subsequent conviction" could arise from the same trial and indictment as the "first" conviction. *See Deal v. United States,* 508 U.S. 129, 132–37 (1993); *Davis*, 139 S. Ct. at 2324 n.1. And, multiple sentences imposed under § 924(c)(1) were required to be consecutive, or "stacked." *See* 18 U.S.C. § 924(c)(1) (1996).

Accordingly, the district court sentenced appellants to thirty years on Count Three, which involved use of a destructive device, consecutive life sentences on Counts Five and Seven, which also involved using a destructive device, and a consecutive sentence of twenty years on Count Nine. Appellants' convictions and sentences were affirmed on direct appeal. *United States v. Merrell*, *et al*., 182 F.3d 929 (9th Cir. 1999) (unpublished).

After *Davis* was decided, the district court granted § 2255 relief, vacating the convictions on Counts Three and Seven because the underlying predicate offenses for the § 924(c) convictions, violations of 18 U.S.C. § 844(i), no longer qualified as crimes of violence after the invalidation of the residual clause. *See* 139 S. Ct. at 2336. The district court then resentenced appellants on the two remaining § 924(c) convictions, Counts Five and Nine, both of which were predicated on convictions for armed bank robbery in violation of 18 U.S.C. § 2113(a). The court "stacked" the sentences, imposing a 30-year sentence on Count Five and a 20-year consecutive sentence on Count Nine, which the

court treated as a "second or subsequent conviction" under
§ 924(c)(1).[4]

The First Step Act, enacted on December 21, 2018,
allows § 924(c)(1) sentencing enhancements for a second or
subsequent conviction only "after a prior [§ 924(c)]
conviction . . . has become final," Pub. L. 115–391, tit. IV,
§ 403(a), 132 Stat. at 5221–22, and thus abrogates the *Deal*
rule allowing enhancements based on convictions arising out
of the same indictment and trial, *see* 508 U.S. at 136–137.
The district court rejected appellants' contentions that the
First Step Act applied to their resentencing.  Appellants
timely appealed.[5]

### B.

In § 403(b) of the First Step Act, entitled "Applicability
to Pending Cases," Congress provided that the statute
applied to "any offense that was committed before the date
of enactment of this Act, if a sentence for the offense has not
been imposed as of such date of enactment."  Pub. L. 115–
391, tit. IV, § 403(b), 132 Stat. at 5222.  Appellants' offenses

---

[4] The district court treated Count Five as the first conviction and
therefore the "second or subsequent" life penalty requirement in
§ 924(c)(1) for use of a destructive device did not apply. *See United
States v. Major*, 676 F.3d 803, 814–815 (9th Cir. 2012) (requiring the
district court to determine the order in which defendants receive
convictions, and when the district court does not have sufficient
information to determine that order, "it must order the convictions so that
the mandatory minimum sentence is minimized.").

[5] Berry was granted compassionate release after this appeal was
filed, but is still subject to supervised release.  Because the district court
may impose a different term of supervised release upon the resentencing
sought in this appeal, *see* 18 U.S.C. § 3583, Berry's appeal is not moot.
*See United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001).

were committed before the date of enactment. The question is how to interpret the second clause in § 403(b), which applies the Act to such cases "if a sentence for the offense has not been imposed as of such date of enactment." *Id*. More particularly, the issue is whether that clause bars application of the Act to cases like these, in which sentences imposed before the date of enactment were subsequently vacated, and new sentences were imposed after the date of enactment.

We have not previously confronted that issue. In *United States v. Voris*, we held that the Act does not apply to a direct appeal by a defendant sentenced before its enactment. 964 F.3d 864, 875 (9th Cir. 2020). But *Voris* expressly left open whether § 403(b) makes the Act applicable when a defendant's pre-enactment sentence is vacated and a new sentence must be imposed after the date of enactment. *See id*. at 875 n.12.

Our sister Circuits, however, have confronted this question and closely related ones, albeit with varying results. The Sixth Circuit has held that the First Step Act applied to a resentencing after the date of enactment when the original sentence was vacated before that date, *see United States v. Henry*, 983 F.3d 214, 222 (6th Cir. 2020), but later declined to apply the Act to a case, like those here, in which the sentence was vacated after enactment, *see United States v. Jackson*, 995 F.3d 522, 525–26 (6th Cir. 2021). The Third Circuit has declined to apply the First Step Act to a sentence vacated before the date of enactment. *See United States v. Hodge*, 948 F.3d 160, 161–62 (3d Cir. 2020). In contrast, the Seventh Circuit has held that the Act applies to defendants whose sentences were vacated before Congress enacted the legislation and who were awaiting resentencing thereafter. *United States v. Uriarte*, 975 F.3d 596, 602–05

(7th Cir. 2020) (en banc).  And the Fourth Circuit, analyzing an identical provision in § 401(c), which deals with drug felonies, has held that the First Step Act applies to defendants whose original sentences were vacated after the legislation was enacted.  *United States v. Bethea*, 841 F. App'x 544, 549–50 (4th Cir. 2021).  Although these cases involved varying scenarios, the critical issue in each was whether the reference in § 403(b) to "a sentence" means "any sentence," even a vacated one.[6]

## C.

The government argues that the phrase "a sentence" in § 403(b) must be read as "any sentence," and that the First Step Act therefore applies retroactively only to those who committed offenses before its enactment but had never been sentenced by that date.  Agreeing with the Seventh and Fourth Circuits, however, we hold that because vacatur of the prior sentences in the cases before us "wiped the slate clean," *Pepper v. United States*, 562 U.S. 476, 507 (2011), "a sentence . . . ha[d] not been imposed" for purposes of § 403(b) at the time of resentencing.  *See Uriarte*, 975 F.3d at 601–602; *see also Bethea*, 841 F. App'x at 550 ("[T]he district court's vacatur and reentry of judgment nullified Bethea's original sentence such that a sentence cannot

---

[6] The government also cites *United States v. Gomez*, 960 F.3d 173 (5th Cir. 2020) and *United States v. Richardson*, 948 F.3d 733 (6th Cir. 2020).  However, neither considered application of the First Step Act to a sentence vacated before the date of its enactment and a resentencing on an open record thereafter.  *See Gomez*, 960 F.3d at 177 (like *Voris*, declining to apply the Act to a case on direct appeal involving a sentence imposed before enactment); *Richardson*, 948 F.3d at 745–53 (declining to apply § 403 to a defendant resentenced before enactment).

legally be said to have been imposed until [the date of resentencing].").

The government relies heavily on the Third Circuit's statement that § 403(b) "conditions the reduced mandatory minimum's retroactive application on the imposition of *a* sentence—not *the* sentence, an *ultimate* sentence, or a *final* sentence." *Hodge*, 948 F.3d at 163. But, unlike the Third Circuit, we do not find Congress's use of that article in § 403(b) dispositive. As the Seventh Circuit noted, "one could draw significance from the fact that Congress did not use the words '*an original* sentence' or '*an initial* sentence.'" *Uriarte*, 975 F.3d at 604. And like the Seventh Circuit, we find that the use of the word "any" in the initial clause of § 403(b) renders the government's restrictive reading of "a" in the second clause less plausible. "Had Congress intended the phrase 'a sentence' to convey a very broad meaning, it could have used the word 'any,' as it did earlier in the same sentence: 'This section … shall apply to *any* offense … if a sentence … has not been imposed ….'" *Id.*; s*ee also Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022) ("As this Court has repeatedly explained, the word 'any' has an expansive meaning.") (quoting *Babb v. Wilkie*, 140 S. Ct. 1168, 1173 n. 2 (2020)) (cleaned up).

Thus, we decline to resolve this case simply through a technical parsing of the word "a," and instead engage in the "holistic endeavor" demanded by the Supreme Court for statutory interpretation. *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988). In doing so, we find it clear that § 403(b) was intended to ensure that the adoption of the First Step Act by itself would not affect any sentence previously imposed. But we are unable to conclude that Congress intended to deny the benefits of the Act to a defendant whose previous sentence

has been declared null and void, and who, consequently, has "a sentence … imposed" after the Act's date of enactment.

We start from the settled principle that the vacatur of appellants' original sentences legally "wiped the slate clean." *Pepper*, 562 U.S. at 507. "[W]hen a criminal sentence is vacated, it becomes void in its entirety," *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996), and "the defendant is placed in the same position as if he had never been sentenced," *United States v. Maldonado*, 996 F.2d 598, 599 (2d Cir. 1993) (per curiam). Applying that principle, we have emphasized that absent contrary instructions from an appellate court, a resentencing is on an open record, and the district court "generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." *United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir. 2002) (citations omitted); *see also United States v. Ponce*, 51 F.3d 820, 826 (9th Cir. 1995) (rejecting the argument that, after vacatur, a district court is bound by its earlier criminal history category determination). That is precisely what occurred here; the district court engaged in a resentencing de novo.

Moreover, we recognize that Congress does not draft statutes in a vacuum. *See, e.g.*, *Cannon v. Univ. of Chic.*, 441 U.S. 677, 696–97 (1979) ("It is always appropriate to assume that our elected representatives, like other citizens, know the law."); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Congress is aware of the legal context in which it is legislating."). Because "Congress is … presumed to know existing law pertinent to any new legislation it enacts," *United States v. LeCoe*, 936 F.2d 398, 403 (9th Cir. 1991), we cannot conclude that the term "a sentence" in § 403(b) refers to a vacated sentence, something

that the existing law treats as null and void, *see, e.g.*, *United States v. Mobley*, 833 F.3d 797, 802 (7th Cir. 2016) ("When we vacate a sentence and order a full remand, the defendant has a 'clean slate'—that is, there is no sentence until the district court imposes a new one."); *United States v. Maxwell*, 590 F.3d 585, 589 (8th Cir. 2010) (vacated sentences "were invalidated, nullified, or made void"); *United States v. Muhammad*, 478 F.3d 247, 250 (4th Cir. 2007) (vacatur of a sentence means that "prior sentencing proceedings were nullified"); *United States v. Grant*, 397 F.3d 1330, 1334 (11th Cir. 2005) ("[A]n original sentence is wiped away by a vacatur, leaving the district court with a clean slate upon which to write at a defendant's re-sentencing."); *United States v. Moree*, 928 F.2d 654, 656 (5th Cir. 1991) (vacatur of sentence "rendered … sentence null and void").

We note that Congress enacted the First Step Act to reduce the severity of sentences for certain "stacked" charges, including § 924(c) convictions. *See Gomez*, 960 F.3d at 176. "There is no reason to think that Congress excluded from its remedy pre-Act offenders facing plenary resentencing. Pre-Act offenders whose sentences have been vacated are similarly situated to individuals who have never been sentenced." *Uriarte*, 975 F.3d at 603. An unsentenced defendant and a defendant whose sentence has been vacated both lack any sentence until the ultimate sentencing day. And, "on sentencing day, both should be treated under the same congressional policy." *Id.* at 602.

In short, we think that the most reasonable reading of § 403(b) is the one adopted by the Seventh Circuit, which is that "a sentence" means an *existing valid sentence*, not a

*prior invalid one*.[7]   And if some doubt on the issue could be said to arise concerning the different reading of § 403(b) adopted by two other Circuits, the rule of lenity points to the same result.   "[W]e have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating polices of the statute." *Moskal v. United States*, 498 U.S. 103, 108 (1990) (cleaned up).   Reasonable doubts "should be resolved in favor of liberty." *See Wooden v. United States*, 142 S. Ct. 1063, 1087 (2022) (Gorsuch, J., concurring).

Nor are we persuaded by the government's argument that because § 403(a) of the Act, which provides that "second or subsequent" conviction enhancements are only triggered after a prior § 924(c) conviction "become[s] final," Congress somehow meant the reference in § 403 (b) to "a sentence" to refer to something other than the "final sentence."   The use of the word "final" in § 403(a) was necessary to achieve a central objective of the Act, which was no longer to require mandatory enhancements when multiple convictions arose from the same indictment and trial, and thus became final simultaneously.   The use of the word "final" in that context simply has no bearing on whether a vacated sentence imposed before the adoption of the First Step Act disqualifies a defendant from coverage of the Act.

---

[7] Our conclusion that the First Step Act applies when a sentence has been vacated does not undermine sentence finality.   "[W]hen individuals . . . have their original sentence nullified by the district court, it is not the [First Step Act] that reopens their sentence." *Bethea*, 841 Fed. App'x at 550.   We simply hold that "[a]ny *new* sentence imposed after enactment must comply with the [First Step Act's] requirements." *Id.* (emphasis added).

In any event, we do not read "a sentence" as "a final sentence." Our holding does not require a sentence to be "final" to constitute "a sentence" that "has been imposed." Indeed, we have already recognized that the Act does not apply in a direct appeal by a defendant sentenced before its enactment, even though that sentence is technically "final" until direct appeals are exhausted. *See Voris*, 964 F.3d at 875. Rather, we merely recognize the effect of a vacatur. A vacatur, by "wip[ing] the slate clean," *Pepper*, 562 U.S. at 507, requires us to treat the vacated sentence as if it were never imposed. That vacated sentence—a legal nullity—therefore cannot form the legal predicate for the exclusion from the application of the First Step Act—which Congress expressly made retroactive under § 403(b).

### D.

For the reasons above, we vacate appellants' sentences and remand for resentencing. We of course express no opinion as to the appropriate sentences to be imposed on remand.

**SENTENCES VACATED; REMANDED**.

---

BOGGS, Circuit Judge, dissenting:

In 2018, Congress implemented widespread criminal-justice reform. To balance the twin goals of prospective lenity and retrospective certainty, Congress outlined when and how those reforms would apply to crimes that had already been committed. This court should apply the words of the statute to these appellants. Because the majority declines to do so, and instead substitutes its theory of what Congress might have meant, I respectfully dissent.

Section 403(b) of the First Step Act explained how the amendments to § 924(c) would apply to pending cases:

> (b) APPLICABILITY TO PENDING CASES.—This section [403], and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act [, December 21, 2018], if a sentence has not been imposed as of such date of enactment."

First Step Act § 403(b).

The First Step Act, therefore, provided that its substantive reforms would be retroactive, but only to a point. The provision can be parsed this way: (1) Section 403 applies retroactively; (2) to offenses committed before December 21, 2018; (3) if; (4) a sentence for that offense; (5) has not been imposed as of December 21, 2018. The use of the indefinite article in "a sentence" indicates a non-specific, rather than a particular, sentence. Next, the phrase "has not been imposed" is in the present-perfect tense. The present-perfect tense "denotes an act, state, or condition that is now completed or continues up to the present." THE CHICAGO MANUAL OF STYLE ¶ 5.132 (17th ed. 2017). The statute therefore directs the court to look at a specific date—December 21, 2018—and ask whether, on that date, the act of imposing the sentence was complete. A sentence is imposed when the district court announces it. *Voris*, 964 F.3d at 874. On December 21, 2018, a sentence for appellants' offenses had been imposed on them for almost twenty years. That should be the end of the inquiry.

Concluding otherwise leads to results that can hardly be squared with the text. Appellants serve as an illustration. They were convicted for offenses that had been committed

decades ago. A Supreme Court case decided twenty years later led to a successful habeas petition and a subsequent vacatur of the sentences that *had been imposed* on them. Adopting Appellants' position would mean that a defendant who was convicted, sentenced, and imprisoned as of 1997 (up to and including December 21, 2018) is somehow a defendant on whom a sentence has not been imposed as of December 21, 2018.

The plain language of § 403(b), therefore, resolves this issue. To get around this reading, the majority observes that a vacated sentence is legally void (as of the time it was vacated) and speculates that Congress could not have intended a vacated sentence to have an effect on a subsequent re-sentencing. It declines to emphasize the indefinite article "a" in "a sentence" and instead reads that phrase to mean "a sentence that has not been vacated at the time of resentencing." And, it concludes that the "most reasonable" interpretation of § 403(b) treats those who are sentenced for the first time after the First Step Act the same as those who were sentenced prior to it but whose sentences were later vacated.

First, although vacatur does in some sense abolish the carceral consequences of the vacated sentence, recognizing the historical fact that a previous sentence has been imposed does not require giving effect to the since-vacated sentence. No party challenges other aspects of the reimposed sentence which also rely on "legally void" components. For example, the penalty for a second or subsequent § 924(c) conviction at the time appellants offended was twenty years. It is now twenty-five years. *Compare* 18 U.S.C. § 924(c)(1) (1996) *with* 18 U.S.C. § 924(c)(1)(C)(i) (2018). Yet appellants do not claim that, assuming their convictions cannot be stacked, a twenty-five-year rather than twenty-year sentence would

result, despite the fact that the statute authorizing the twenty-year sentence no longer has a legal effect. And even if the original sentence later became void, it was not void on December 21, 2018, which is the date the statute dictates the court to contemplate.

Second, the majority rejects the argument that "a sentence" in § 403(b) does not mean "a final sentence" even though Congress specifically distinguished those concepts in § 403(a). But this court has already looked to the contrast between § 403(a) and § 403(b) to reject the argument that "imposed" means "finally imposed." *See United States v. Voris*, 964 F.3d 864, 874 (9th Cir. 2020). And while the majority undertakes a "holistic" review of the First Step Act's general tenor of sentence reform, it is unwilling to apply that holistic review to a phrase used only a few sentences prior. In my view, expressly identifying "finality" as a meaningful concept in § 403(a) but not in § 403(b) supports the interpretation that "a sentence" is not limited to a final sentence. Moreover, the section is titled "applicability to pending cases" and seems to cover just that—pending cases. It does not expressly contemplate closed cases that are one day reopened.

Finally, it is Congress, not this court, which decides whether and how to apply a new criminal statute retroactively. The majority insists that it is better to treat newly sentenced defendants the same as defendants sentenced years before whose sentences are later vacated. Perhaps it is sensible or desirable to do so. Congress certainly could have designed a statute like that, and indeed, could have gone further and applied the statute retroactively to all defendants, whether or not the sentence is later vacated. But we are tasked with applying the statute as it is written, not as it might have been written.

I would therefore affirm the district court and hold that § 403(b) does not apply retroactively to defendants who were sentenced prior to December 21, 2018, even if such a sentence was subsequently vacated. Because the majority declines to do so, I respectfully dissent.