NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0536n.06

Case No. 22-3958

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Dec 21, 2023

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| KENNETH JACKSON JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

**Before: BATCHELDER, MOORE, and BUSH, Circuit Judges.**

BUSH, J., delivered the opinion of the court in which BATCHELDER, J., joined in full, and MOORE, J., joined in part. MOORE, J. (pp. 12–20), delivered a separate opinion dissenting from Part II.A. of the majority opinion.

JOHN K. BUSH, Circuit Judge. Kenneth Jackson Jr. has appealed his sentence to this court for the third time. In his first appeal, we held that Jackson's convictions for completed carjacking were crimes of violence under 18 U.S.C. § 924(c). However, we remanded his case to the district court after vacating one of his firearms convictions. In his second appeal, we held that the district court erred in applying revised penalties under the First Step Act of 2018 to his § 924(c) convictions because the relevant provision of the Act did not apply retroactively to a defendant who had already been sentenced. Now, Jackson asks us to reconsider the same two questions that we previously addressed: namely, whether carjacking is a crime of violence under § 924(c) and whether the district court should have applied the First Step Act's revised penalties at his second

resentencing hearing. Because we see no reason to disturb our prior holdings, we deny Jackson's claims and affirm the judgment of the district court.

I.

In 2017, a jury convicted Jackson of three counts of carjacking under 18 U.S.C. § 2119(2) and three counts of brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Jackson*, 918 F.3d 467, 471 (6th Cir. 2019) (*Jackson I*). At the time Jackson was initially sentenced, § 924(c) required a mandatory sentence of twenty-five years for any subsequent violations of the statute, even if those violations occurred in the same case. *See* § 924(c)(1)(A)(iii); *see also United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019). Accordingly, the district court imposed a sentence of eighty-seven months' imprisonment for Jackson's three carjacking counts and consecutive sentences of seven, twenty-five, and twenty-five years for the firearms counts. *Jackson I*, 918 F.3d at 477.

The First Step Act was enacted in December 2018. Section 403(a) of the First Step Act amended § 924(c) so that the twenty-five-year mandatory minimum would not apply unless the defendant had a prior, final conviction under the statute. First Step Act of 2018, § 403(a), Pub. L. No. 115-391, 132 Stat. 5194, 5221–5222 (Dec. 21, 2018). The statute provides that § 403(a) applies to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Id.* § 403(b). Three months later, this court vacated one of Jackson's § 924(c) convictions and remanded his case to the district court for resentencing. *Jackson I*, 918 F.3d at 471.

On remand, the district court applied § 403(a) and reduced Jackson's sentence to fourteen years for the two § 924(c) offenses. *United States v. Jackson*, 995 F.3d 522, 524 (6th Cir. 2021) (*Jackson II*). However, because Jackson was no longer subject to the original 57-year mandatory

minimum sentence under § 924(c), the court imposed an enhanced guidelines sentence of 108 months for his carjacking convictions. *Id.* Jackson challenged his enhanced guidelines sentence, and the government challenged the court's application of the First Step Act to Jackson's § 924(c) offenses. We held that the district court erred in applying the First Step Act at Jackson's resentencing because the plain meaning of § 403(b) provides that the statute's revised penalties do not apply to a defendant who has already been sentenced on the date the statute was enacted. More specifically, Jackson could not benefit from § 924(c)'s revised penalties because he was sentenced in August 2017—over one year before the First Step Act went into effect. The fact that Jackson's sentence was subsequently vacated did not affect our conclusion. We explained that although the vacatur provided the "prospective legal effect" of invalidating Jackson's prior sentence "looking forward," it did not "erase Jackson's prior sentence from history" such that a sentence had never been imposed. *Jackson II*, 995 F.3d at 525.

Prior to his second resentencing hearing, Jackson filed a sentencing memorandum asking the district court to vacate his remaining § 924(c) convictions because they did not qualify as crimes of violence under the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). The district court rejected his argument and, applying penalties under the version of § 924(c) that pre-dates the First Step Act, imposed a sentence of twelve months on the carjacking counts and consecutive seven and twenty-five-year sentences on his remaining § 924(c) offenses. Jackson then filed this appeal.

Jackson now raises two arguments on appeal that he previously raised in his prior appeals. First, Jackson claims that the district court erred in failing to apply the First Step Act at his resentencing hearing. Second, Jackson asserts that his completed carjacking convictions do not

qualify as crimes of violence following the Supreme Court's decisions in *Taylor*, 142 S. Ct. 2015, and *Borden v. United States*, 141 S. Ct. 1817 (2021).

We addressed both of Jackson's arguments in his prior appeals, and he has not presented any legal or factual change that would disturb our prior conclusions. Accordingly, we adhere to our previous rulings and affirm the judgment of the district court.

II.

A. WHETHER THE DISTRICT COURT ERRED IN NOT APPLYING THE FIRST STEP ACT AT RESENTENCING

Jackson first argues that the district court erred by failing to apply the First Step Act at resentencing, explaining that he should have benefitted from the Act's revised penalties under § 403(b) because his sentence had been vacated after the statute's date of enactment. Jackson claims that the effect of the vacatur made his sentence a legal nullity, such that "a sentence had not been imposed" in his case at the time of his resentencing. First Step Act of 2018, § 403(b). In addition, Jackson argues that the district court could have applied the First Step Act at resentencing because of the Supreme Court's holding in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). There, the Court held that district courts may consider intervening changes in the law when resentencing a defendant under § 404 of the First Step Act. We review de novo whether Jackson is entitled to relief under the First Step Act.

The United States contends that Jackson's argument is precluded by the law-of-the-case-doctrine, which "promotes judicial efficiency by prohibiting parties from indefinitely relitigating the same issue that a court resolved in an earlier part of the case." *Samons v. Nat'l Mines Corp.*, 25 F.4th 455, 463 (6th Cir. 2022); *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation."); *see also United States v. Clark*, 225

F. App'x 376, 378–79 (6th Cir. 2007) ("Because [a prior panel of this Court has already decided this exact issue, it has become law-of-the-case and is binding upon the district court after remand and upon us in this appeal."). But we may reconsider a prior panel's ruling in three contexts: where "(1) substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) (quoting *McKenzie v. BellSouth Telecomms, Inc.*, 219 F.3d 508, 513 n.3 (6th Cir. 2000)).

Jackson has not presented any change in law or facts that would warrant reconsidering our decision in *Jackson II*. Stated differently, under any of the *Haynes* prongs, Jackson fails to establish a valid basis for us to reconsider our decision in *Jackson II*. We take each prong in turn.

As an initial matter, in considering the first prong of *Haynes*, Jackson did not present any additional evidence indicating that he was entitled to benefit from § 403 of the First Step Act at his resentencing.

As to the second prong, Jackson did not present any controlling authority that would require us to rethink our prior decision. He points to the Supreme Court's decision in *Concepcion* to support his claim, but that case involves a separate section of the First Step Act and so does not affect our holding in *Jackson II*. In *Concepcion*, the defendant was resentenced under § 404(b) of the First Step Act, which authorizes courts to apply reduced penalties under the Fair Sentencing Act of 2010 to defendants sentenced before that Act was enacted. 142 S. Ct. at 2397. However, as this court has recognized, "*Concepcion* concerned a different and unrelated provision of the First Step Act that explicitly applied retroactively." *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022). The decision did not address whether § 403—the provision at issue in this case—

applies to a defendant who has already been sentenced. As such, *Concepcion* has no bearing on the outcome of Jackson's appeal.

Additionally, Jackson has not presented any decisions from our circuit that would require us to reconsider our holding in *Jackson II*. The United States cites *United States v. Carpenter*, in which another panel of this court followed *Jackson II* in declining to apply § 403 of the First Step Act to a defendant who was "under sentence pending appeal" at the time the Act went into effect. No. 22-1198, 2023 WL 3200321, at *2 (6th Cir. May 2, 2023) (citing *Jackson II*, 995 F.3d at 525). Like in *Jackson II*, the court in *Carpenter* held that the First Step Act's amendments did not apply at resentencing because the defendant's initial sentence was imposed before enactment of the First Step Act and vacated "after the Act became law." *Id.* at *2.

Moreover, the *Carpenter* court explained that its decision did not conflict with our prior holding in *United States v. Henry*, 983 F.3d 214 (6th Cir. 2020). In *Henry*, we held that § 403 applied to a defendant at resentencing when the defendant's sentence had been vacated *before* the date of the First Step Act's enactment. *Id.* at 217. By contrast, Carpenter's sentence was vacated *after* the statute was enacted. *Carpenter*, 2023 WL 3200321, at *2. Accordingly, Carpenter was not entitled to relief at resentencing under the plain meaning of § 403(b), because a sentence "had been imposed" in his case—albeit not a final sentence.

Because Jackson has not cited any controlling authority that contradicts our panel's prior decision, we are bound by that decision in the instant appeal. *See, e.g., Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) ("A published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification

of the decision or this Court sitting en banc overrules the prior decision.'") (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).

Finally, under the third *Haynes* prong, Jackson has not demonstrated that our prior decision was "clearly erroneous and would work a manifest injustice." *Haynes*, 468 F.3d at 426. We note that an inter-circuit split exists over the proper interpretation of § 403(b)'s retroactivity provision. *See, e.g., Jackson II*, 995 F.3d at 525-26. Also, there is disagreement among jurists in some circuits that have addressed the issue. *Compare, e.g., United States v. Carpenter*, 2023 WL 6053553, at *1–3 (6th Cir. Sept. 18, 2023) (Kethledge, J., concurring in denial of rehearing en banc) (concluding that § 403 of the First Step Act did not apply to a defendant who was "under sentence pending appeal" at the time the Act went into effect) (citation omitted) *and United States v. Uriate*, 975 F.3d 596, 606–09 (7th Cir. 2020) (Barrett, J., dissenting) (same) *with, e.g., Carpenter*, 2023 WL 6053553, at *3–5 (Griffin, J., dissenting from denial of rehearing en banc) (concluding that § 403 of the First Step Act did apply in those circumstances) *and Uriate*, 975 F.3d at 596 (en banc) (same). But the mere lack of consensus between judges on an issue is not enough to show clear error or manifest injustice. To the contrary, a circuit split is "good evidence that the issue is subject to reasonable dispute." *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Jackson has failed to demonstrate that reconsideration of *Jackson II* would be justified under any of the *Haynes* factors. Accordingly, the district court did not err in declining to apply § 403 of the First Step Act at Jackson's resentencing.

B. WHETHER COMPLETED CARJACKING CONSTITUTES A CRIME OF VIOLENCE

Next, Jackson claims that the district court erred when it found that his completed carjacking convictions qualify as crimes of violence under 18 U.S.C. § 924(c). "[W]e review de

novo a district court's determination that a prior conviction is a crime of violence." *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013).

Jackson was sentenced under 18 U.S.C. § 924(c)(1)(A), which provides for enhanced mandatory minimums for any person who "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." The statute defines a "crime of violence" as a felony that, under the elements clause, "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that, under the residual clause, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A), (B). The Supreme Court held in *Davis*, 139 S. Ct. at 2336, that the residual clause is unconstitutionally vague. Accordingly, we analyze Jackson's carjacking convictions under the elements clause to determine whether the offenses contain the use of force as an element. And using a categorical approach, we look not to whether Jackson used force in committing the crimes, but whether the statute always requires the government to prove that he used, or threatened to use, force. *Taylor*, 142 S. Ct. at 2020 (noting that categorical approach "does not require—in fact, it precludes—an inquiry into how any particular defendant may commit the crime").

Based on this standard carjacking is a crime of violence under the elements clause. *Jackson I*, 918 F.3d at 486. A person is guilty of carjacking under 18 U.S.C. § 2119 when, "with the intent to cause death or serious bodily harm," he "takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation." More specifically, the requirement that a vehicle be taken "by force and violence" or by "intimidation" requires proof that the person used,

or threatened to use, force. *See Jackson I*, 918 F.3d at 486 ("[T]he commission of carjacking by 'intimidation' necessarily involves the threatened use of violent physical force."); *see also Wingate v. United States*, 969 F.3d 251, 263–64 (6th Cir. 2020) (holding that bank robbery under 18 U.S.C. § 2113(a), which may be committed "by force and violence, or by intimidation" qualifies as a crime of violence under the elements clause). And as we noted in *Jackson I*, the statutory requirement that the defendant commit the offense "with the intent to cause death or serious bodily injury," 918 F.3d at 486, further confirms that carjacking is a crime of violence under § 924(c)(3)(A).

*Taylor* does not change our analysis. There, the Supreme Court considered whether attempted Hobbs Act robbery satisfies the elements clause. To convict a defendant for attempted Hobbs Act robbery, the government must prove that "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Taylor*, 142 S. Ct. at 2020. The Court held that the attempt crime could not serve as a predicate offense under § 924(c)(3) because the statute does not require proof that the defendant "actually harm[ed] anyone or even threaten[ed] harm." *Id.* (citing ALI, Model Penal Code § 222.1). Instead, because the statute prohibits the intent to take property by use or threat, "along with a substantial step toward achieving that object," the Court determined that a defendant could be convicted of the crime without using or threatening to use force. *Id.* at 2020.

By contrast, Jackson was charged with completed carjacking, which requires that he actually used force or intimidation to accomplish his goal. The *Taylor* Court's concern that a defendant may be convicted of attempted robbery for conduct occurring "before he reaches his

- 9 -

robbery victim and before he has actually engaged in threatening conduct" therefore does not apply here. *Id.* at 2020–21 (citing ALI, Model Penal Code § 222.1, p. 114 (1980)).

But Jackson raises another argument. For the first time on appeal, he argues that his carjacking convictions do not qualify as crimes of violence under § 924(c) following *Borden*, 141 S. Ct. 1817. In *Borden*, the Supreme Court held that for an offense to qualify as a "violent felony" under the elements clause of the Armed Career Criminal Act (ACCA), the statute of conviction must require that the defendant acted with a mens rea greater than recklessness. 141 S. Ct. at 1825. Jackson claims that his carjacking convictions do not have a sufficiently culpable mens rea to qualify as crimes of violence because a defendant may be convicted for reckless carjacking under § 2119. Jackson waived his *Borden* claim by failing to raise it during a prior appeal, *see United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997). In any event, it would fail on the merits.

In *United States v. Brown*, the Seventh Circuit determined whether a defendant's conviction for "[taking] a motor vehicle from [a] person . . . by the use of force or by threatening the imminent use of force" qualified as a predicate offense under the elements clause of the ACCA. 74 F.4th 527, 529 (7th Cir. 2023). The court found that the statute of conviction survived under *Borden* because it prohibited a "taking *by* the use or threat of force," which "strongly suggests that force or intimidation must be aimed or directed at the taking of the motor vehicle." *Id.* at 531. Because the statute proscribed using force for a specific purpose—"in order to facilitate the taking of a vehicle"—it was "not the sort of reckless use of force that *Borden* found to be beyond the scope of the elements clause." *Id.*

Like in *Brown*, Jackson's statute of conviction proscribes using force to facilitate the taking of a motor vehicle, which "is, by its nature, a conscious and deliberate action." *Id.*; *see* 18 U.S.C. § 2119. Moreover, the federal carjacking statute expressly provides that to be convicted of

carjacking, a defendant must act "with the intent to cause death or serious bodily injury." 18 U.S.C. § 2119. That specific intent provision requires that the perpetrator "direct his action at, or target, another individual," and satisfies *Borden*'s requirement of a purposeful or knowing mens rea. 141 S. Ct. at 1825. The district court therefore properly found that Jackson's convictions for completed carjacking qualify as predicate offenses under § 924(c)(3)(A).

### III.

For the above reasons, we affirm the judgment of the district court.

**KAREN NELSON MOORE, Circuit Judge, concurring in part and dissenting in part.**
The majority concludes that there is no basis to reconsider our prior decisions in *United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019) (*Jackson I*), and *United States v. Jackson*, 995 F.3d 522 (6th Cir. 2021) (*Jackson II*). Although I agree with the majority that there is no reason to disturb *Jackson I*, I would hold that *Jackson II* was clearly erroneous and would work a manifest injustice because it disregards basic rules of grammar and statutory interpretation, conflicts with every other circuit to address the issue, and imposes draconian punishment on defendants, such as Jackson, despite Congress's clear directive to end such practices. I therefore respectfully dissent from Part II.A of the majority opinion.

"Under the law-of-the-case doctrine, a prior ruling may only be reconsidered where: '(1) substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice.'" *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) (quoting *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513 n.3 (6th Cir. 2000)). Because I would hold that *Jackson II* is clearly erroneous and would work a manifest injustice, I will not address the first or second *Haynes* factors.

*Jackson II* concluded that First Step Act § 403 did not apply at Jackson's plenary resentencing because his pre-Act sentence was vacated after the First Step Act was enacted. 995 F.3d at 523–24. For the reasons explained below, *Jackson II* cannot be squared with the plain language of the First Step Act.

First, and foundationally, to support its conclusion in *Jackson II*, the majority rewrote the plain language of the statute. First Step Act § 403 "shall apply to any offense that was committed before the date of enactment [of the First Step Act], if a sentence for the offense has not been

- 12 -

imposed as of such date of enactment." First Step Act of 2018, § 403(b), Pub. L. No. 115-391, 132 Stat. 5194, 5221–5222 (Dec. 21, 2018). I will focus first on the phrase "has . . . been imposed,"[1] which *Jackson II* correctly identified as a phrase that is written in the present-perfect tense. 995 F.3d at 524. "The present-perfect tense is formed by using *have* or *has* with the principal verb's past participle" and "denotes an act, state, or condition that is now completed or continues up to the present." THE CHICAGO MANUAL OF STYLE ¶ 5.132 (17th ed. 2017). "The present perfect is distinguished from the past tense because it refers to (1) a time in the indefinite past . . . or (2) a past action that comes up to and touches the present." *Id.*

A sentence that has been vacated cannot be considered a sentence that "has been imposed." Specifically, a sentence that has since been vacated cannot fall within the first category from *The Chicago Manual* because that sentence was imposed for a definite period of time, as opposed to "a time in the indefinite past." THE CHICAGO MANUAL OF STYLE ¶ 5.132. Stated another way, Jackson had a sentence imposed from the date of his sentencing until the date of its vacatur. This is a definitive time period because there are specifics dates associated with the date of sentencing and the date of vacatur. Likewise, a sentence that has been vacated does not fit within the second category because the sentence does not "come[] up to and touch[] the present." *Id.* Even *Jackson II* recognized this reality: when a sentence is vacated "it is of no legal effect anymore" because "eliminating a sentence's prospective legal effect . . . wipe[s] the slate clean looking forward." 995 F.3d at 525 (citations and quotation marks omitted).[2] A sentence that has been vacated cannot

---

[1]The statute uses the phrase in the negative—has not been imposed—but courts tend to consider whether a particular defendant does not qualify for relief under the Act because a sentence "ha[s] been imposed." *See, e.g.*, *Jackson II*, 995 F.3d at 523. For ease of reference, I will use the phrase "has been imposed."

[2]To be clear, as I previously explained, the *Jackson II* majority's conclusion that vacatur is forward looking is incorrect. *See Jackson II*, 995 F.3d at 527 (Moore, J., dissenting). But, even under *Jackson II*'s incorrect view of vacatur, its analysis fails.

be captured by the phrase "has . . . been imposed" because, once vacated, the slate is wiped clean looking forward. *See Citizens State Bank v. U.S. ex rel. I.R.S.*, 932 F.2d 490, 493 (6th Cir. 1991) (per curiam) (explaining that Congress's decision to use the present-perfect tense, as opposed to past-perfect, "suggests that Congress intended to cover only those security interests which exist presently").

Rather than analyze the statute as written, *Jackson II*, under the guise of simply looking to the statutory text, rewrote § 403(b) from "has . . . been imposed" to "had been imposed."[3] *See Jackson II*, 995 F.3d at 524 ("Our task begins with the statutory text. When, as here, the text is clear, it ends there as well." (citations omitted)). Indeed, *Jackson II* all but says so itself. Although it correctly quoted the statute and defined the phrase "has . . . been imposed" as the present-perfect tense, *Jackson II* repeatedly and exclusively used the phrase "had been imposed" to describe the purportedly relevant inquiry under § 403(b). *See* 995 F.3d at 523 ("As of that day, a sentence *had been imposed* on Kenneth Jackson, Jr." (emphasis added)); *id.* 524–25 ("We must look at Jackson's status as of December 21, 2018 and ask whether—at that point—a sentence *had been imposed* on him." (emphasis added)); *id.* at 525 ("That Jackson was without a sentence for three months in 2019 does not change the fact that as of December 21, 2018, a sentence *had been imposed* on him." (emphasis added)); *id.* at 526 ("Here, the First Step Act did so expressly provide—but only for defendants on whom a sentence *had not been imposed* as of December 21, 2018." (emphasis added)). At bottom, *Jackson II* amounts to a bait-and-switch in which the majority invoked the applicable grammatical rule but then conducted an analysis based on a phrase that is not in the statute and does not fall within that grammatical rule. Rather than interpret the statute as written,

---

[3]"Had been imposed" is in the past-perfect tense, which "is formed by using *had* with the principal verb's past participle" and "refers to an act, state, or condition that was completed before another specified or implicit past time or past action." THE CHICAGO MANUAL OF STYLE ¶ 5.133.

*Jackson II* rewrote the provision to support the outcome that it desired. The reasoning in *Jackson II* rests entirely on this rewrite and, for that reason, it cannot stand.

Once the phrase "has . . . been imposed" is properly understood, the interpretation of "a sentence" becomes clear. Although *Jackson II* concludes that "a sentence" must refer to *any* sentence, even a vacated one, 995 F.3d at 524, Congress's use of the present-perfect tense instructs otherwise. "[A] sentence" is the object of the present-perfect verb "has . . . been imposed." First Step Act § 403(b). If the sentence is of no legal effect as of the date it was vacated, *see Jackson II*, 995 F.3d at 525, it can no longer be considered "a sentence" that "has . . . been imposed," First Step Act § 403(b); instead, once vacated, it is a sentence that had been imposed. Put another way, as the government explained in *United States v. Carpenter*, "it would not be coherent to say 'a sentence has been imposed as of 20[18], but it has since been vacated.' Instead, an ordinary speaker of English would say 'a sentence *had* been imposed as of 20[18], but it has since been vacated.'" Gov. Resp. to Pet. for Rehr'g at 9, *United States v. Carpenter*, No. 22-1198 (6th Cir. Aug. 7, 2023), D. 34 (emphasis added).

Moreover, we must "assume[] [that] Congress is well aware of the background principle[s] when it enacts new criminal statutes." *Dorsey v. United States*, 567 U.S. 260, 274 (2012). "A general remand [for resentencing] effectively wipes the slate clean," and "gives the district court authority to redo the entire sentencing process." *United States v. McFalls*, 675 F.3d 599, 606 (6th Cir. 2012); *see also Pepper v. United States*, 562 U.S. 476, 507 (2011) (stating that vacatur "wipe[s] the slate clean"); *Jordon v. Gilligan*, 500 F.2d 701, 710 (6th Cir. 1974) ("[A] void judgment is no judgment at all and is without legal effect."). We should not lightly put courts "in the unusual position of giving effect to legal judgments [that have been] vacated." *Jackson II*, 995

F.3d at 527 (Moore, J., dissenting) (quoting *United States v. Henry*, 983 F.3d 213, 223 (6th Cir. 2020)).

By changing the language of the statute in its analysis, *Jackson II* attempted to bypass the fact that the plain text of the statute—specifically the use of the present-perfect tense, as described above—is consistent with the background principles of vacatur and resentencing and, thus, supports their application. *See* 995 F.3d at 525 (reasoning that vacatur law is irrelevant because it is forward looking and, therefore, "does not change the fact that as of December 21, 2018, a sentence had been imposed on [Jackson]"). A post-Act resentencing court should not be in the position of giving effect to a vacated sentence unless Congress makes clear that the typical background principles do not apply. There is no such instruction in § 403. If Congress intended for the typical principles of vacatur and resentencing not to apply, it could have easily said so by changing "has" to "had," or, as other courts have suggested, by using "initial sentence" as opposed to "a sentence." *See United States v. Bethea*, 841 F. App'x 544, 549 (4th Cir. 2021); *see also Advocate Health Care Network v. Stapleton*, 581 U.S. 468, 477 (2017) ("When legislators did not adopt 'obvious alternative' language, 'the natural implication is that they did not intend' the alternative" (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 16 (2014))). Congress did not displace the well-settled principles of vacatur and resentencing, and this court is therefore not free to ignore them.

With a corrected understanding of the phrases "has . . . been imposed" and "a sentence," the remainder of *Jackson II*'s reasoning collapses on itself. First, *United States v. Henry* is directly applicable, and *United States v. Richardson* is distinguishable. Not only does *Jackson II* "adopt[] a reading of the text that we rejected in *Henry*," *Jackson II*, 995 F.3d at 527 (Moore, J., dissenting), but Henry and Jackson are in the same position: at the time of resentencing, neither had a sentence

that could be described using the present-perfect tense because their initial sentences were vacated. In other words, although Henry and Jackson both had a sentence imposed previously, neither could be said to have a sentence imposed presently. This, too, is why *Richardson*, wherein we determined that § 403 did not apply to a defendant who had a valid sentence and a pending direct appeal, is inapplicable. 948 F.3d 733, 748–53 (6th Cir. 2020). "When our court reviews a sentence on direct appeal, that sentence remains 'imposed' *unless we vacate and remand for resentencing*." *Henry*, 983 F.3d at 223 (emphasis added). Despite his pending direct appeal, Richardson was appropriately considered a defendant with a sentence that "has . . . been imposed." First Step Act § 403(b). Accordingly, *Jackson II* directly conflicts with *Henry*, despite identical factual circumstances.

Next, *Jackson II* explained that "Congress's amendments to 'an older criminal statute shall not change the penalties "incurred" under that older statute "unless the repealing Act shall so expressly provide,"'" and, therefore, *Jackson II* concluded that "the First Step Act did so expressly provide—but only for defendants on whom a sentence *had not been imposed* as of December 21, 2018." *Jackson II*, 995 F.3d at 526 (emphasis added) (quoting *Dorsey*, 567 U.S. at 272). No one contests that First Step Act § 403 expressly provides for a change in penalties; however, *Jackson II* concluded that Jackson does not benefit from this change by substituting the statute's phrase, "has . . . been imposed," with the majority's preferred phrase, "had been imposed." *See id.* As should be clear at this point, this cannot be squared with the statute's text.

Finally, there is no basis to disagree with the other circuits that have addressed this issue. *Jackson II* concluded that *Bethea*, the only other circuit-level case that had been decided at that point, was not persuasive because it relied on a purported misreading of *Uriarte* and *Henry*. *Jackson II*, 995 F.3d at 525–26. As explained above, however, *Henry*—and *Uriarte*, which

addressed the same factual circumstance as *Henry*, and upon which *Henry* was based—is indistinguishable from *Jackson II*. Now, the majority, in an effort to deflect attention from the true circuit split, contends that "a circuit split is 'good evidence that [this] issue is subject to reasonable dispute.'" Maj. Op. at 7 (quoting *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015)). But the majority does not attempt to cite—never mind to address—the actual composition of the circuit split, instead pointing to the "disagreement between jurists in some circuits," and citing to separate writings from this court's denial of the defendant's petition for rehearing en banc in *Carpenter* and the competing opinions in *Uriarte*. Maj. Op. at 7. Rather than provide "good evidence that [this] issue is 'subject to reasonable dispute,'" *id.* (citations omitted), the circuit split is further evidence that *Jackson II* is clearly erroneous.

In addition to the Fourth Circuit, two circuit courts have addressed this question. The Ninth and Third Circuits both concluded that § 403 applies to defendants who were sentenced before December 21, 2018, but whose sentences were later vacated. *See United States v. Merrell*, 37 F.4th 571, 574–78 (9th Cir. 2022); *United States v. Mitchell*, 38 F.4th 382, 386–89 (3d Cir. 2022). The Second Circuit appears likely to join this side of the circuit split, if given the opportunity to decide the issue directly. *See United States v. Brown*, 935 F.3d 43, 49 (2d Cir. 2019) (vacating the defendant's sentence, remanding for plenary resentencing, and stating that "[r]esentencing will also afford [the defendant] the opportunity to argue that he should benefit from section 403(b) of the First Step Act of 2018"); *United States v. Walker*, 830 F. App'x 12, 17 n.2 (2d Cir. 2020) (noting that the "government agreed that at a resentencing that would occur as a result of our remand, [defendant] would benefit from the [FSA's] reforms").

If that were not enough, the government has also changed its position since *Jackson II*. At Jackson's first resentencing and before this court in *Jackson II*, the government argued that

§ 403(b) does not apply at resentencing. *See* Appellee Br. at 9–10. Now, the government has taken the opposite position. Appellee Br. at 21 n.3; *see also* Gov. Resp. to Pet. for Rehr'g at 5, *United States v. Carpenter*, No. 22-1198 (6th Cir. Aug. 7, 2023), D. 34. The government explained that it changed its position on this issue because it determined that its prior position—and *Jackson II*—was incorrect. Appellee Br. at 21 n.3; *see also* Gov. Resp. to Pet. for Rehr'g at 5, *United States v. Carpenter*, No. 22-1198 (6th Cir. Aug. 7, 2023), D. 34 (stating that "the government has reconsidered its position and now concludes that the best reading of Section 403 is that the section's amended statutory penalties apply at any sentencing that takes place after the Act's effective date" and then arguing that "*Jackson* [*II*] was wrongly decided"). In light of the growing circuit split, the government's changed position, and the grammatical errors underlying *Jackson II*'s statutory interpretation, I would hold that *Jackson II* was clearly erroneous.

In terms of whether *Jackson II* would work a manifest injustice, the import of this decision is clear. As Judge Griffin stated in *Carpenter*, *Jackson II* not only affects defendants arguing that § 403 should apply to them at resentencing, but it will likely impact how this circuit interprets § 401(c) of the First Step Act, which uses identical language. *See Carpenter*, 80 F.4th at 795 (Griffin, J., dissenting from denial of rehearing en banc) ("[O]ur interpretation of the statutory language at issue matters to more than just cases involving firearms . . . . The Act uses identical language in § 401(c), which applies the Act's benefits to offenders sentenced for certain drug offenses . . . . How we interpret this language will continue to matter for years to come, as defendants' pre-Act sentences or convictions are considered (and potentially vacated) on post-conviction review . . . ." (citations omitted)). And, as Judge Bloomekatz explained, "[t]he real human costs that this esoteric legal issue presents . . . should not be overlooked." *Id.* at 796 (Bloomekatz, J., dissenting from denial of rehearing en banc). For example, Jackson's sentence is

five years longer and Carpenter's "sentence is *eighty* years longer than [they] would be if [these defendants] had been resentenced in the seventeen states that comprise the Third, Fourth, and Ninth Circuits. The resulting sentencing disparity . . . should give us pause . . . ." *Id.* at 797. I would therefore hold that *Jackson II* would work a manifest injustice.

Accordingly, I would hold that *Jackson II* was clearly erroneous and would work a manifest injustice such that it should be reconsidered. I respectfully dissent.